## FISHER v. INSURANCE CO.

(Filed October 18, 1904).

1. CORPORATIONS—*Process—Summons.*

   The summons in an action against a corporation need not state facts showing the defendant to be a corporation.

2. PARTIES—*Pleadings—Process—The Code, sec. 239 (subsec. 2), 241, 242—Dismissal.*

   The failure of a summons to show legal capacity of one of the parties is not cause for dismissal of the action.

3. CORPORATIONS—*Insurance.*

   An insurance company is not entitled to raise the question of its want of corporate capacity as against a person with whom it has dealt as a corporation.

4. PROCESS—*Service of—Corporations—Insurance.*

   Corporations not having any property in the state and having no agent upon whom to serve process, it may be served upon the clerk of the corporation commission.

5. CORPORATIONS — *Process—Service of—Constitutional Law—Commerce—Interstate—Acts 1901, ch. 5.*

   The act of 1901, ch. 5, relative to the service of process on foreign corporations, is constitutional.

6. CORPORATIONS—*Insurance—Process—Service of—Acts 1899, ch. 54.*

   Acts 1901, ch. 5, relative to service of process on foreign corporations, is cumulative to acts 1899, ch. 54; so that service on a foreign insurance company is valid under either statute.

7. CORPORATIONS—*Process—Service of—Presumptions.*

   Where a summons is served on the clerk of the corporation com-
      mission it will be presumed that the facts necessary to author-
      ize such service existed.

8. CORPORATIONS—*Process—Service of.*

   The act authorizing the service of process on the clerk of the cor-
      poration commission applies so long as the foreign corporation
      is indebted to any citizen of the state.

ACTION by Miriam Fisher against the Traders Mutual
Life Insurance Company, heard by *Judge R. B. Peebles,* at
Spring Term, 1904, of the Superior Court of BRUNSWICK
County.

This action was brought to recover the amount of an insur-
ance policy. The summons was served on the Secretary of
the Corporation Commission, under the provisions of Act of
1901, chap. 5. Defendant's counsel entered a special appear-
ance and moved to dismiss the action for defective service
of the summons, assigning the following reasons: 1. It does
not appear on the face of the summons whether the defendant
is a corporation or a joint stock company. 2. Defendant in-
troduced a certificate from the "Insurance Department,"
showing that it had never been licensed to do business in this
State. 3. That it did not appear that the defendant "had
property and was doing business in this State," so as to bring
the case within the Act of 1901, chap. 5. 4. That the Act of
1901, chap. 5, is invalid.

At Fall Term, 1903, *Judge Bryan* heard and overruled
the motion and allowed plaintiff to file her complaint, which
she did. The record of the proceedings before him were lost,
and it was agreed before *Judge Peebles* that the foregoing
should be taken as the record in lieu thereof. At Spring
Term, 1904, the defendant moved again to dismiss the action
and *Judge Peebles,* who heard the motion, found only one

fact, namely, that the summons had been served by reading it to the Secretary of the Corporation Commission and leaving a copy with him. Upon that finding and the record, which the parties agreed should be considered in place of the lost one, *Judge Peebles* overruled the motion, and allowed defendants to plead over, to which they excepted, as they had done before *Judge Bryan*. Defendant refused to answer the complaint or to demur thereto, and to the judgment by default final which was entered, excepted and appealed.

*E. K. Bryan* and *Cranmer & Davis,* for the plaintiff.
*Russell & Gore,* for the defendant.

WALKER, J., after stating the case. The first objection is met fully by the case of *Stanly v. Railroad,* 89 N. C., 331, in which it is held that a corporation may be designated by its corporate name in all suits brought by or against it. In *Insurance Co. v. Osgood,* 1 Duer (N. Y.), 707, cited with approval by this Court in *Stanly v. Railroad, supra,* it was said, in answer to the objection that the plaintiff's corporate character was not alleged: "It does not appear on the face of the complaint that the plaintiff is not a corporation. It does not, therefore, appear that the plaintiff has not legal capacity to sue. Unless that appears a demurrer cannot be sustained based on that objection." This accords with the express provision of our law. Clark's Code (3 Ed.), sec. 239 (2), and secs. 241 and 242. See also, *Ramsay v. Railroad,* 91 N. C., 418; *Railroad v. Lumber Co.,* 114 N. C., 690; *State v. Grant,* 104 N. C., 908. *Justice Maule,* in *Wolfe v. Steamship Co.,* 62 E. C. L., 103, referring to an objection that the defendant had been described only by its corporate name, said: "There is no positive rule that I am aware of which requires such a mode of description as the defendant's counsel insists upon in this case, nor is the description which

is given at all out of the usual form. It impliedly amounts to an allegation that the defendant is a *corporate body."* A motion to dismiss is like a demurrer and, in either case, all facts alleged, as well as those to be reasonably inferred, are to be taken as admitted. It may be added that a motion to dismiss for the reason stated will not be sustained, when based upon the summons merely, before the complaint is filed. The objection to the want of capacity to sue should be taken by demurrer to the complaint, or if the defect does not appear therein, then by answer, as it is one of the offices of the complaint to allege the facts showing the capacity of a party to sue or be sued.

Besides all this, the defendant has dealt with the plaintiff in its character as a corporation, and has shown that as an insurance company it did not take out license as required by law to do, and it does not lie in its mouth at this time to question its corporate capacity, as said by *Justice Merrimon* for the Court in *Ryan v. Martin,* 91 N. C., 468: "It is not to be presumed that a party will contract and deal with a nonentity. It will be presumed to the contrary, as to him, that he did not." *Jones v. Foundry Co.,* 14 Ind., 90.

The second objection cannot be sustained. It can make no difference in this case whether the defendant was licensed to do business in this State or not, as the plaintiff did not have the summons served on the "Insurance Commissioner," but on the Secretary of the Corporation Commission. The failure therefore to comply with the law in that respect did not exempt it from service of process under the Act of 1901, chap. 5, if that act is applicable to this case.

The defendant challenges the validity of the act, and we will consider that question before determining whether it is one of the corporations described therein and therefore subject to the service of process in accordance with its provisions.

It is thoroughly well settled that the right of a foreign

corporation to engage in business within a State other than that of its creation depends solely upon the will of such other State, and this right may be granted or withheld by the State at its discretion, or it may be granted on any condition the State may see fit to impose, unless there is an interference with interstate commerce, or some other federal principle is violated; but the business of insurance is not commerce, in any proper sense, within the meaning of the Constitution of the United States. *Hooper v. California,* 155 U. S., 648. Acts of State Legislature similar to the one under consideration have frequently been called in question and as often decided to be a valid exercise of a power residing in the States to exclude foreign corporations altogether from their borders, or to admit them upon such terms and conditions as the States may deem proper for the protection of their own interests and those of their citizens. The subject has recently been so exhaustively and ably treated in the Court of last resort, having jurisdiction to finally settle such questions, that we can best dispose of this point by a bare reference to them without further comment or discussion. *Ins. Co. v. Spratley,* 172 U. S., 602; *Ins. Co. v. Phelps,* 190 U. S., 147. The statutes of Tennessee and Kentucky, which were considered in those cases and held to be valid, are substantially identical in their main features with the Act of 1901. The cases of *Pennoyer v. Neff,* 95 U. S., 714, and *Wilson v. Seligman,* 144 U. S., 41, are not at all in point. They depended for their decision upon a principle wholly different from that which governed in the cases we have cited. In *Ins. Co. v. Spratley, supra,* the Court said: "It was held in *Pennoyer v Neff,* 95 U. S., 714, that a service by publication in an action *in personam* against an individual, where the defendant was a non-resident and had no property within the State, and the suit was brought simply to determine his personal rights and obligations, was

ineffectual for that purpose. The case has no bearing upon the question here presented." And in *Pennoyer v. Neff* it was expressly held that a State could require not only a foreign corporation, that is, one chartered by another State, but a non-resident individual, making contracts within its limits, to appoint a resident agent to receive service of process. The Court in that case merely decided that a statute of a State and judicial process issuing from its courts cannot operate beyond the limits of the State, and that a non-resident cannot be brought within the jurisdiction of a State Court by process not personally served upon him in the State, nor by publication nor substituted service, so as to establish his personal liability, but that the Court can only proceed against him by seizing any property he may have in the State and subjecting it to the payment of his debt in an action brought to recover the debt, and the judgment of the Court in such a case is valid only to the extent necessary to control the disposition of the property. When the entire object of the action is to determine the personal rights and obligations of the defendant, that is, when the suit is merely *in personam,* constructive service upon the non-resident, in the form of publication of the original process, is unavailing and ineffectual for any purpose. But this is far from holding that a State may not provide for service according to the method provided in the Act of 1901, for the Court in the case just cited fully recognizes the power of the State so to do, and *Mr. Justice Field,* who delivered the opinion, in referring to that question, says: "Neither do we mean to assert that a State may not require a non-resident entering into a partnership or association within its limits, or making contracts enforcible there, to appoint an agent or representative in the State to receive service of process and notice in legal proceedings instituted with respect to such partnership, association or contracts, or to designate a place where such

service may be made and notice given, and provide, upon their failure, to make such appointment or to designate such place that service may be made upon a public officer designated for that purpose, or in some other prescribed way, and that judgment rendered upon such service may not be binding upon the non-residents, both within and without the State." The two cases then stand upon a very different footing, and the principle which separates and distinguishes them has long been recognized and enforced. *Ins. Co. v. French,* 18 How., 404; *Ins. Co. v. New York,* 119 U. S., 110; *Paul v. Virginia,* 18 Wall., 168; *Ducat v. Chicago,* 10 Wall., 410. A foreign corporation, as will be seen from the authorities, can exercise the right to do business in a State only by comity or as an act of grace on the part of that State, and the condition upon which the favor is extended goes with it, and cannot be separated from it, so that if the privilege is enjoyed the condition must be performed. "The insurance business, for example, cannot be carried on in a State by a foreign corporation without complying with all the conditions imposed by the Legislature of that State," and the law is the same as to all corporations whose business does not belong to the regulating power of Congress. *Crutcher v. Kentucky,* 141 U. S., 47.

Having concluded that the Act of 1901 is valid, the only remaining question is whether the defendant is one of the class of corporations upon whom process can be served as therein provided. The original bill introduced in the House of Representatives, and which was afterwards enacted into law as chap. 5 of the Acts of 1901, did not require that the corporation should have property in the State, as is now required by the first section of this act—the words "having property and" having been inserted by way of amendment to the bill in the Senate. Senate Journal of 1901, p. 941. Why these words were inserted we do not know, as the lia-

bilities of non-resident corporations having property in the State could be enforced by attachment. But we do not think the operation of the act is or should be restricted to corporations having property in the State, as the words of sections 2 and 3 are broad enough to include any and all corporations doing business in the State, and it was the evident purpose of the Legislature that the act should be so construed. Section 1 and sections 2 and 3 provide for totally different cases, and this being a remedial statute should be construed liberally so as at least not to defeat the intention of the lawmakers. We are also of the opinion that chap. 5 of the Act of 1901 is cumulative to chap. 54, sec. 62 of the Acts of 1899, so far as insurance companies are concerned, and that a plaintiff may have process served upon a defendant, who is an insurance company, in either of the ways allowed by those statutes.

In discussing the questions involved we have not found it necessary, in support of the ruling of the Court below, to refer to the absence of the findings of fact upon which that ruling was based. It was incumbent on the defendant to have the facts stated in the record, if it wished to avail itself of any defect in the evidence or of the non-existence of any fact, and we are required to presume, when there is no such statement, that the Court found from evidence such facts as warranted its ruling. An appellate court never presumes error, and cannot adjudge that there was error unless it is plainly shown by the appellant. *Carter v. Rountree,* 109 N. C., 29; *Smith v. Whitten,* 117 N. C., 387. Section 1 of the Act of 1901 requires every corporation having property and doing business in this State to have an officer or agent in the State upon whom process can be served, and section 2 refers to those corporations not mentioned in the first section, and provides that when there is no officer or agent in the State the corporation shall appoint a person to

receive service of the process, and, upon its failure so to do, service may be made on the Secretary of the Corporation Commission. This section applies to foreign corporations doing business in this State, or who have done business herein and incurred liabilities which remain unsatisfied. Under the rule we have just stated, we must presume that the defendant had no property and no agent in the State and had designated no person to receive service of process, and that the other facts existed which were necessary to make the service valid, for this Court will presume that a ruling is correct until the contrary is shown by the party who alleges error.

The fact that the defendant had ceased to do business in this State, if such is a fact, cannot affect our conclusion. If it had taken out a license to do business in the State, it could neither revoke it, nor could it withdraw from the State to the plaintiff's prejudice. The statute will not cease to operate as to it until its debts due to citizens of this State are paid. *Biggs v. Ins. Co.,* 128 N. C., 5; *Moore v. Ins. Co.,* 129 N. C., 31; *Life Asso. v. Scott,* at this term; *Ins. Co. v. Spratley, supra; M. R. Asso. v. Phelps, supra.* There is no error that we can discover in the refusal to dismiss the action, or in the rulings of the Court.

No Error.