MARY NEWTON LUNCEFORD, ADMINISTRATRIX OF ADEN P. LUNCEFORD, DECEASED, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA.

(Filed 21 October, 1925.)

**1. Comity—Foreign Corporations—Conditions—Statutes.**

A corporation of one state may do business in another only by comity of the latter state, when not so permitted by a valid Federal statute, as in matters of interstate commerce, and may be prohibited from doing business therein entirely, or upon conditions made a prerequisite by statute.

**2. Same—Commerce—Insurance—Process—Summons.**

The insurance business is not regarded as "commerce" within the intent and meaning of the law, and where foreign corporations do business in North Carolina, they impliedly accept the conditions of C. S., 483, that they must keep process agents within our jurisdiction subject to the process of our courts, and that summons in an action may be served on them by leaving a copy of the original with the Secretary of State as the statute directs.

**3. Same—"Doing Business."**

A foreign company acquiring membership of persons in North Carolina for life insurance, without soliciting agents to whom policies are issued upon a mutual benefit plan and kept in force by the payments of dues, is doing a life insurance business here in contemplation of C. S., 483, and valid service of summons may be had on such corporation upon compliance with its provisions in respect thereto.

APPEAL by defendant from *Barnhill, J.,* at August Term, 1925, of DUPLIN.

Civil action to recover the amount of an insurance policy issued by defendant to plaintiff's intestate, A. P. Lunceford.

The defendant, through its counsel, entered a special appearance and moved to dismiss the action for want of proper service. Motion overruled; exception and appeal.

*Oscar B. Turner for plaintiff.*
*Gavin & Boney for defendant.*

STACY, C. J. It is conceded that the defendant is a foreign corporation, without process agent, property, or license to do business in this State. Service of summons is sought to be obtained under C. S., 1137, by leaving a true copy thereof with the Secretary of State and having him mail the copy to the president, secretary or other officer of the corporation, upon whom, if residing in this State, service could be made, it being alleged that the defendant is doing business in this State without complying with the provisions of said section.

The statute provides that every corporation having property or doing business in this State, whether incorporated under its laws or not, shall have an officer or agent in the State upon whom process in all actions or proceedings against it can be served. A corporation failing to comply with the provisions of this section is liable to a forfeiture of its charter, or to the revocation of its license to do business in the State. In the latter event (failing to comply with the provision requiring the presence of a process officer or agent in this State), process in an action or proceeding against the corporation may be served upon the Secretary of State by leaving a true copy thereof with him, and he shall mail a copy to the president, secretary or other officer of the corporation upon whom, if residing in this State, service could be made. And in case of foreign corporations doing business in this State without complying with the provisions of said section, we have held that valid service of process may be had under this statute in the manner indicated, as well as on officers and agents of such corporations under the general provisions of C. S., 483, construed in *Whitehurst v. Kerr,* 153 N. C., 76, and other cases. See *Anderson v. Fidelity Co.,* 174 N. C., 417; *Currie v. Mining Co.,* 157 N. C., 209; *Fisher v. Ins. Co.,* 136 N. C., 217.

The reason for such legislation is cogently stated in *Corbett v. Physicians' Casualty Assn.,* 135 Wis., 505, 115 N. W., 365, 16 L. R. A. (N. S.), 177, where the Court, in dealing with a different but somewhat similar statute, said: "The dominant purpose of such a statute is to protect residents of the State from being imposed upon by foreign insurance companies. In case any such company offers to do business with one within such protection, it holds itself out as having qualified to do such business, and the resident, in the absence of knowledge, actual or constructive, to the contrary, may safely act upon the faith thereof."

The defendant controverts neither the law nor our decisions on the subject, but says that it is not doing business in this State and, therefore, it is not subject to any of our statutes relating to service of process.

Touching the question as to whether the defendant is "doing business in this State," within the meaning of the statute now before us, the following facts were found by the trial court and embodied in its judgment:

"(b) Section three of article one of defendant's by-laws reads as follows: 'Sec. 3. The object of this association is to secure for its members, upon a coöperative basis, the very best accident insurance at the least possible cost.' And section 6 of article XIII of said by-laws reads as follows: 'Sec. 6. Every member of this association shall be entitled to one vote at all elections of officers and upon all questions that may

be voted upon at any and all regular or special meetings of the association or adjournments thereof, and to cast the same either in person or by proxy.' In its application blanks, to be used when application is made for insurance, defendant describes itself as 'a mutual organization—no branch offices—no stockholders—no agents.' In the affidavit of Russell H. Wicks, president of defendant, it is said that defendant never has had, and it does not now have any paid agents, servants or employees to solicit membership or insurance anywhere. . . .

"(c) Defendant issues and delivers contracts of insurance to residents of this State and collects from those insured by it in this State the annual dues and assessments agreed to be paid by the insured. An application of a resident of this State to defendant for insurance is dated at the postoffice address of the resident applicant, is also signed by the resident applicant, and the applicant is recommended by a resident already insured by defendant and called a member of defendant's association. The application is signed by the member who recommended the applicant, and the acceptance of the application also shows the postoffice address of such recommending member, and if and when a certificate or contract of insurance is issued. and delivered to the applicant upon such application the contract of insurance so issued and delivered makes the application therefor a part of the said contract of insurance.

"(d) In September, 1914, defendant issued and delivered to A. P. Lunceford, plaintiff's intestate, the contract of insurance sued on in this action. At that time the said A. P. Lunceford was a resident of Duplin County, North Carolina, residing at Rose Hill, N. C., where he continued to reside until he died, in April, 1925."

Upon the foregoing findings, the court concluded and adjudged that the defendant was doing business in this State, within the meaning of the statute above mentioned, and that summons duly served on the Secretary of State and mailed by him to the president, secretary or other officer of the corporation, as provided in said section, was sufficient to bring the defendant into court. In this we think there was no error.

Speaking generally to the question in *Anderson v. Fidelity Co.*, 174 N. C., p. 419, *Hoke, J.* (later *Chief Justice*), said:

"Authoritative cases on the subject are to the effect, further, that when a State by its statutes has established and provided a method of personal service of process on foreign corporations doing business therein, one that is reasonably calculated to give full notice to such companies of the pendency of suits against them, these provisions are to be regarded as conditions on which they are allowed to do business within the State, and when they afterwards come into the State and enter on their business they are taken to have accepted as valid the statutory method

provided, and such a service will be held to confer jurisdiction. *St. Clair v. Cox,* 106 U. S., 350-356; Beale on Foreign Corporations, secs. 74 and 266.

"In citation to Beale, sec. 266, it is said: 'The consent to be sued may be implied from the conduct of the foreign corporation. If the law of the State provides that a foreign corporation doing business in the State shall be liable in its courts after process served in a prescribed manner, this is to be regarded as the expression of the will of the State that a foreign corporation shall do business in the State only on condition that it consent to be sued,' etc."

It is well settled that the right of a foreign corporation to engage in business within a state, other than that of its creation, is a privilege accorded by such other state, which it may grant freely or upon condition or withhold altogether at its pleasure, unless some federal principle is violated, such as interfering with interstate commerce; but doing an insurance business is not engaging in "commerce" within any proper meaning of that term as used in the Constitution of the United States. *Hooper v. California,* 155 U. S., 648. "Except in matters of interstate commerce, a state may undoubtedly prescribe the conditions on which a foreign corporation shall be permitted to do business within it, and may include therein a provision with regard to the service of process on its agents. *Lafayette Ins. Co. v. French,* 18 How. 404, 15 L. Ed., 451. Where, therefore, a foreign corporation does business in such state, it will be presumed to have assented to these terms." *Frawley v. Pa. Cas. Co.,* 124 Fed., p. 262.

In *St. Clair v. Cox,* 106 U. S., 350, *Mr. Justice Field* deals with the question in the following manner:

"A corporation of one state cannot do business in another state without the latter's consent, express or implied, and that consent may be accompanied with such conditions as it may think proper to impose. As said by this Court in *Lafayette Insurance Co. v. French,* 'These conditions must be deemed valid and effectual by other States and by this Court, provided they are not repugnant to the Constitution or laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each State from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defense.' 18 How. 404, 407; *Paul v. Virginia,* 8 Wall., 168

"The State may, therefore, impose as a condition upon which a foreign corporation shall be permitted to do business within her limits, that it shall stipulate that in any litigation arising out of its transactions in the State, it will accept as sufficient the service of process on its agents or persons specially designated; and the conditions would be

eminently fit and just. And such condition and stipulation may be implied as well as expressed. If a State permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business there done, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the State are to be deemed to assent to such conditions as fully as though they had specially authorized their agents to receive service of the process."

It is freely conceded, however, that a foreign corporation, having neither property nor process agent in this State and not having domesticated in North Carolina, must be engaged in business within the State in order to give our courts jurisdiction over it. *Goldey v. Morning News,* 156 U. S., 518.

While the extent to which a foreign corporation must be doing business in a state in order to justify the service of process upon it under the laws of that state is not clearly defined, "it is sufficient if it is doing business therein," says *Mr. Justice Day* in *Com. Mut. Accident Co. v. Davis,* 213 U. S., 245. See, also, 2 Words & Phrases, 108 *et seq.*

The cases of *Pennoyer v. Neff,* 95 U. S., 714; *Wilson v. Seligman,* 144 U. S., 41, and *Bridger v. Mitchell,* 187 N. C., 374, are not in point. They rest upon another principle. In *Insurance Co. v. Spratley,* 172 U. S., 602, the Court said: "It was held in *Pennoyer v. Neff,* 95 U. S., 714, that a service by publication in an action *in personam* against an individual, where the defendant was a nonresident and had no property within the state, and the suit was brought simply to determine his personal rights and obligations, was ineffectual for that purpose. The case has no bearing upon the question here presented." Moreover, it was expressly held in *Pennoyer v. Neff, supra,* that a state, if it cared to exercise the power, could require, not only a foreign corporation, but also a nonresident individual, making contracts within its borders, to appoint a resident agent upon whom service of process could be had. *Fisher v. Ins. Co., supra.* It is settled by all the authorities that a corporation can carry on its business in a state other than that of its creation only by comity, or as an act of grace on the part of that state, and the condition upon which the favor is extended goes with it, and cannot be separated from it, so that if the privilege be enjoyed the condition must be performed. "The insurance business, for example, cannot be carried on in a state by a foreign corporation without complying with all the conditions imposed by the legislature of that state," and the law is the same as to any other corporation not engaged in business belonging to the regulating power of Congress. *Crutcher v. Kentucky,* 141 U. S., 47.

The only question presented by the appeal is whether the defendant, foreign corporation, is doing business in this State, within the meaning

of C. S., 1137. The trial court found, upon ample evidence, that the business carried on by the defendant in this State was such as to bring it within the terms of the statute, rendering it liable to service of process in the manner prescribed therein. In ·this, we find no error. A statute of Oklahoma with provisions substantially the same as those incorporated in the act now before us, and on a similar state of facts, was upheld in *Naill v. Commercial Travelers, etc.,* 229 Pac., 833.

The order appealed from, must be

Affirmed.