R. C. HARRINGTON v. CROFT STEEL PRODUCTS, INC.

(Filed 31 October, 1956.)

**1. Process § 8d: Constitutional Law § 21—**

> G.S. 55-38, providing that process on a foreign corporation may be served on the Secretary of State when the corporation is doing business in this State and has failed to name an officer or agent upon whom process may be served, is constitutional.

**2. Same—**

> A foreign corporation is "doing business in this State" within the purview of G.S. 55-38 if it exercises in this State some of the functions for which it was created.

**3. Same—**

> A foreign corporation which merely takes orders in this State to be transmitted to its home office for acceptance and shipment of its goods into this State by common carrier is not doing business here within the meaning of G.S. 55-38, but if it transports its goods to this State in its own trucks and thus completes the transaction by making deliveries here, it performs here one of its essential purposes and is doing business here within the purview of the statute.

JOHNSON, J., not sitting.

APPEAL by defendant from *Burgwyn, E. J.*, 14 May, 1956 Civil Term, MECKLENBURG Superior Court.

Civil action instituted on 3 February, 1956, to recover $13,599.20 commissions. Summons and complaint were served on the Secretary of State of North Carolina. The defendant filed "a special appearance and motion to quash the summons and vacate and dismiss the service" for that (1) the defendant is a foreign corporation; (2) that the defendant is not now and never has been engaged in doing business in North Carolina; (3) that the attempted service on the Secretary of State is void under the laws of North Carolina and in violation of the defendant's rights under the Fourteenth Amendment to the Constitution of the United States.

In support of its motion, the defendant filed an affidavit in substance: (1) that it is a New York corporation; that it has no officer or other employee in North Carolina authorized to collect money or to transact business; (2) that it has not domesticated and has no property in North Carolina; (3) that it is not doing business in North Carolina; (4) that all sales of its products made in North Carolina were pursuant to orders transmitted to its home office in Jamestown, New York, for approval; (5) that all of its products sold in North Carolina were exclusively in interstate commerce.

In reply, the plaintiff filed an affidavit in substance (1) that he is a resident of North Carolina and that the contract sued on was to be performed in this State; (2) that the action arose out of the production, manufacture, and distribution of goods with the expectation that they would be, and they actually were used by dealers and merchants in North Carolina, and particularly in the towns of Asheboro, Asheville, North Wilkesboro and Sparta; (3) that at the time suit was instituted and summons and complaint served on the Secretary of State "the defendant was doing business in North Carolina in the following manner: that defendant habitually shipped its goods into North Carolina in its own trucks, which said goods were delivered to its customers by its own agents and employees in charge of said trucks, who also delivered to said customers, along with said shipment of goods, bills of lading covering said shipments and accepted receipts for same and delivered them to the defendant." The verified complaint alleged that beginning in July, 1954, and including November, 1955, the defendant delivered its goods to Buchan and Lowe at their stores in the above named towns of the total value of $647,447.97; and that small deliveries were made to other customers.

The court found (1) that the cause arose out of a contract to be performed in this State and out of the production, manufacture, and distribution of goods with the reasonable expectation that those goods were to be used in said State and they were so used; (2) that at the time this suit was instituted, summons and complaint served, the defendant was doing business in North Carolina; (3) that the defendant has failed to appoint and maintain a process agent in this State. Upon the findings, the court held that service on the Secretary of State was valid and that the court had acquired jurisdiction over the defendant. The court ordered the defendant to answer or otherwise plead within 30 days. To the order, the defendant excepted and from it appealed.

*W. H. McElwee, Jr., W. L. Osteen, and Ralph Davis for defendant, appellant.*
*Whitlock, Dockery, Ruff & Perry*
*By: P. C. Whitlock, James O. Cobb, Jr., for plaintiff, appellee.*

HIGGINS, J. The defendant is a foreign corporation. It has neither obtained a certificate of authority to do business in this State nor appointed a process agent. Process was served on the Secretary of State. The plaintiff contends that service was effective to bring the defendant into court under G.S. 55-38 upon the ground the defendant was doing business in North Carolina. The plaintiff further contends that if the court should fail to find the defendant was doing business here, the court should find that the contract sued on was made in this

State, to be performed here, and the cause of action arose out of the production, manufacture, and distribution of goods with the reasonable expectation that they were to be used in this State and in fact were so used. The service, therefore, should be held valid under G.S. 55-38.1 (1)(3).

On the other hand, the defendant contends that it was not doing business in this State and that service of process under G.S. 55-38 was not authorized. The defendant further contends that G.S. 55-38.1 (1)(3) is unconstitutional in that it is an interference with interstate commerce and deprives the defendant of its rights under the due process clause of the 14th Amendment to the Constitution of the United States.

G.S. 55-38 provides that process may be served upon the Secretary of State against a foreign corporation if it is doing business in North Carolina and has failed to name an officer or agent upon whom process may be served. *Lunceford v. Association,* 190 N.C. 314, 129 S.E. 805. The act is not in contravention of constitutional guaranties. *Currie v. Mining Co.,* 157 N.C. 209, 72 S.E. 980; *Fisher v. Ins. Co.,* 136 N.C. 217, 48 S.E. 667, 145 A.L.R., Anno. 630, 667. The defendant's counsel in the argument very frankly conceded the service was valid if the defendant was doing business in North Carolina.

Actually, the question presented is whether the finding of the trial court that the defendant was doing business here is supported by evidence. *Radio Station v. Eitel-McCullough,* 232 N.C. 287, 59 S.E. 2d 779. In considering the motion, the trial court had before it the verified complaint, to which was attached copy of the contract under which the plaintiff acted as commission agent to sell defendant's products throughout North Carolina. The complaint alleged that sales were made to customers, among others, in the towns of Asheboro, Asheville, North Wilkesboro, and Sparta, beginning in July, 1954 and ending when the defendant canceled the contract in November, 1955. The total amount of the purchase price for the goods sold was approximately $650,000.00. During the 17 months the contract was in force deliveries amounted to $12,000 for one month, $15,000 for one month, $35,000 per month for three months, $40,000 per month for five months, and $45,000 per month for seven months. The court also had before it the plaintiff's affidavit that the defendant transported the goods into North Carolina in its own trucks, operated by its own agents who delivered the goods to the customers and took receipts for the deliveries. The affidavit also stated that the defendant was doing business in like manner at the time this action was instituted and the process served on the Secretary of State. Does this evidence support the finding the defendant was doing business in North Carolina?

In the case of *Lambert v. Schell,* 235 N.C. 21, 69 S.E. 2d 11, this Court (opinion by *Barnhill, C. J.*) said: "Doing business in this State

means doing some of the things or exercising some of the functions in this State for which the corporation was created." *Heath v. Mfg. Co.,* 242 N.C. 215, 87 S.E. 2d 300; *Radio Station v. Eitel-McCullough, supra; Motor Lines v. Transportation Co.,* 225 N.C. 733, 36 S.E. 2d 271, 162 A.L.R. 1419; *C. T. H. Corp. v. Maxwell,* 212 N.C. 803, 195 S.E. 36.

In the case of *International Shoe Co. v. State of Washington,* 326 U.S. 310, *Chief Justice Stone* said: "Presence in this State in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also gave rise to the liabilities sued on even though no consent to be sued or authorization to an agent to accept service has been given." *International Harvester Co. v. Kentucky,* 234 U.S. 407; *St. Louis & Northwestern Railway v. Alexander,* 227 U.S. 218; *Pennsylvania Lumbermen's Ins. Co. v. Meyer,* 197 U.S. 407; *St. Clair v. Cox,* 106 U.S. 350.

It must be conceded the taking of orders in this State to be transmitted to the home office of a foreign corporation for acceptance and the shipment by common carrier of its goods into this State is not doing business within the meaning of G.S. 55-38. In that case the foreign corporation's activities do not take place here. The corporation's control over the shipment ceases at the time and place of delivery to the carrier. However, in this case the defendant not only manufactured the goods, but it transported them to North Carolina in its own trucks. It completed the transactions by making deliveries here. One of the essential purposes of the corporation necessarily was the placing of its manufactured products in the hands of its customers. In making the deliveries here the defendant was performing an essential part of its business. We conclude the evidence before the trial court was sufficient to support the finding the defendant was doing business in North Carolina. Other findings may be treated as surplusage.

It becomes unnecessary to consider or pass upon the constitutionality of G.S. 55-38.1(1) (3), although invited to do so by the parties both in the oral arguments and in the briefs.

The judgment of the Superior Court of Mecklenburg County is
Affirmed.

JOHNSON, J., not sitting.