**Joseph M. SHEALY, Jr., Plaintiff,**

v.

**CHALLENGER MANUFACTURING COMPANY, Inc., Defendant.**

**Civ. A. No. 2929.**

United States District Court
W. D. South Carolina,
Rock Hill Division.

Oct. 12, 1961.

Vernon E. Sumwalt, Charles B. Ridley, Rock Hill, S. C., for plaintiff.

Hayes & Hayes, Rock Hill, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me on the motion of the defendant to dismiss the action or in lieu thereof to quash the return of service of process and the service of process itself, on the ground that the defendant is a corporation organized under the laws of Tennessee and was not and is not subject to service of process within the Western District of South Carolina, "for the purpose that the defendant was not and is not doing business in the State of South Carolina, as required by Section 12–722, and by Section 10–424, Code of Laws of South Carolina, 1952, under which jurisdiction was purportedly obtained in this action."

The motion was based upon affidavits by the parties about which there is no dispute as to the material parts thereof.

From the affidavits it appears that the records of Ross Builders Supplies, Inc. of

Rock Hill, South Carolina, show that a disappearing stairway manufactured by the defendant Challenger Manufacturing Company was sold to J. B. Blackmon, a Rock Hill contractor, on May 31, 1957, for installation in the home of the plaintiff Joseph M. Shealy, Jr.; that the Rock Hill branch of Ross Builders Supplies, Inc. is now and has been since prior to January, 1957, a large dealer handling and selling disappearing stairways manufactured by Challenger Manufacturing Company, Inc.; that the Rock Hill branch of Ross Builders Supplies, Inc. places its orders for disappearing stairways with its home office in Greenville, which in turn orders such stairways from Challenger Manufacturing Company, Inc. of Jackson, Tennessee; that during the past three years most of such deliveries are made to Rock Hill by truck or trucks owned by the defendant Challenger Manufacturing Company, Inc.; that during the year 1961, seven deliveries of disappearing stairways have been received by the Rock Hill office of Ross Builders Supplies, Inc. from the defendant, all of which have been delivered by the trucks of the said defendant company; that said deliveries were received by the Rock Hill office of Ross Builders Supplies, Inc. on January 20, 1961, February 21, 1961, March 15, 1961, April 19, 1961, May 31, 1961, July 5, 1961, and August 1, 1961; that the Rock Hill office of Ross Builders Supplies, Inc. was in each instance billed direct by the defendant, which bills were approved by W. R. Dunlap, Manager of the Rock Hill branch of Ross Builders Supplies, Inc., and forwarded to the Greenville office of Ross Builders Supplies, Inc. for direct payment to the defendant Challenger Manufacturing Company or its assignee; that all invoices contained in W. R. Dunlap, Manager of the Rock Hill branch of Ross Builders Supplies, Inc.'s file for the deliveries during 1961, showed such deliveries were made by defendant's trucks; that no deliveries were made during the years 1960 or 1961, except by trucks owned by the defendant; and during the 1959–1960 fiscal year from October 1, 1959, through September 30, 1960, eleven deliveries of disappearing stairways have been received by the Rock Hill office of Ross Builders Supplies, Inc. from the defendant, all of which have been delivered by trucks of the defendant; that these deliveries were received by the Rock Hill office of Ross Builders Supplies, Inc. on November 16, 1959, January 5, 1960, February 1, 1960, March 3, 1960, April 2, 1960, May 3, 1960, May 28, 1960, June 22, 1960, July 15, 1960, August 1, 1960, and August 27, 1960; that the Rock Hill office of Ross Builders Supplies, Inc. was in each instance billed direct by the defendant, which bills were approved by W. R. Dunlap, Manager of the Rock Hill branch of Ross Builders Supplies, Inc., and forwarded to the Greenville office of Ross Builders Supplies, Inc. for direct payment to the defendant or its assignee; that Ross Builders Supplies, Inc. of Rock Hill, South Carolina, has no control over the disappearing stairways received by it from the defendant until same are delivered to it and taken off of the truck of the defendant at the warehouse of Ross Builders Supplies, Inc. in Rock Hill, South Carolina; that the defendant's trucks which deliver disappearing stairways to Ross Builders Supplies, Inc. at Rock Hill, South Carolina, are driven by an agent, servant or employee of the defendant Challenger Manufacturing Company and the invoice is delivered to the Rock Hill office of Ross Builders Supplies, Inc. for each shipment by said agent, servant or employee along with the shipment of disappearing stairways; that the said agent, servant or employee of defendant accepts written acknowledgment of the receipt of these disappearing stairways and the total amount of freight is added to the invoice at the specified freight amount for each unit; that during the past two years, the amounts involved in the aforesaid deliveries of disappearing stairways to the Rock Hill office of Ross Builders Supplies, Inc. alone amounted to approximately $6,000, and that there are branches of Ross Builders Supplies, Inc. located in Charleston, South Carolina, Spartanburg, South

Carolina, Seneca, South Carolina, Columbia, South Carolina, Anderson, South Carolina, as well as the home-office in Greenville, South Carolina, and that each of these offices places its own orders direct with the defendant Challenger Manufacturing Company, as done by the Rock Hill office.

The question involved in this controversy has been fully and ably presented by counsel for both parties by written briefs and oral arguments.

There is no precise test as to the corporate activities which will bring a corporation within the jurisdiction of the court and amenable to its process. Each case is determined according to its own facts. At one time, if an unlicensed foreign corporation engaged within a state solely in furthering interstate commerce, it was regarded as immune from effective service upon it in state court suits. A gradual retreat by the courts from such a position, accelerated in recent years, has enlarged the jurisdiction of the courts over such unlicensed foreign corporations.

In the leading case on the question of jurisdiction, involving interstate activities, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 159, 90 L.Ed. 95, the Supreme Court said that "presence" in a state for the purpose of jurisdiction "has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also gave rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given."

Later decisions on this question follow the decision in the International Shoe Company case, supra, that it is only necessary that "certain minimum contacts within the territory of the forum must be shown so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," and the demands of due process "may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there." There is no general standard as to what constitutes "sufficient contacts" with the forum and the material factor is "the quality and the nature of the corporate activity, rather than mere quantity." The obvious doctrine of this decision is to require less corporate activity than was considered necessary prior to this decision as a basis for asserting jurisdiction. See, 49 A.L.R.2d 669.

The business of the defendant corporation with Ross Builders Supplies, Inc., its various branches in the State of South Carolina, and particularly the Rock Hill, South Carolina, branch, has been continuous and systematic over the years, and particularly during the past two years. Both the quality and the quantity of the business are such that it is my opinion that the defendant corporation was "doing business" within the State of South Carolina, at the time of the commencement of this action on March 16, 1961, so as to render the defendant corporation amenable to process and the jurisdiction of this court.

The North Carolina Supreme Court, in the case of Harrington v. Croft Steel Products, 244 N.C. 675, 94 S.E.2d 803, 805, reached the same conclusion. This case was one with strikingly similar facts as in the case at bar. The product of the defendant corporation was manufactured in New York, and habitually shipped by its trucks to customers in various cities in the State of North Carolina. The shipments were accompanied by bills of lading and receipts were signed for same by the customers. The North Carolina Supreme Court, citing the decision in the International Shoe case, supra, said that: "One of the essential purposes of the corporation necessarily was the placing of its manufactured products in the hands of its customers. In making the deliveries here the defendant was performing an essential part of its business." The North Carolina Supreme Court concluded that the defendant foreign corporation was "doing business" within the State of North Carolina, and service of

154

process through the Secretary of State under the North Carolina statute similar to South Carolina Section 10–424, Code of Laws of South Carolina, 1952, was proper and jurisdiction was retained.

For the foregoing reasons, it is my opinion that the motion of the defendant to dismiss this action or to quash the return of service of process and the service of process should be and the same hereby is, denied, and

It is so ordered.

It is further ordered, That the defendant shall have 20 days from the date of this Order to serve its answer or otherwise plead to the complaint in this action.