**GOLDEN BELT MANUFACTURING COMPANY, Durham, North Carolina, Plaintiff,**

v.

**JANLER PLASTIC MOLD CORPORATION, Chicago, Illinois, Defendant.**

**No. C–60–D–67.**

United States District Court
M. D. North Carolina,
Durham Division.

June 22, 1967.

Victor S. Bryant, Jr., of Bryant, Lipton, Bryant & Battle, Durham, N. C., for plaintiff.

James L. Newsom and A. H. Graham, Jr., of Newsom, Graham, Strayhorn & Hedrick, Durham, N. C., for defendant.

## MEMORANDUM AND ORDER

GORDON, District Judge.

The plaintiff, Golden Belt Manufacturing Company, a North Carolina corporation, instituted this action on March 13, 1967, against the defendant, Janler Plastic Mold Corporation, an Illinois corporation, seeking the recovery of a judgment in personam for damages arising out of a breach of contract. Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $10,000.-00. Substituted service of process was made on the defendant through the Secretary of State of North Carolina, pursuant to the provisions of Rule 4(d) 7 of the Federal Rules of Civil Procedure.

Before answering, the defendant, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, made a special appearance and moved to dismiss for lack of jurisdiction over the person of the defendant by reason of insufficient service of process. Service of process was made pursuant to the North Carolina "long arm" Statutes, G.S. § 55–144 and G.S. § 55–145, which the defendant maintains are either inapplicable or if applicable, are unconstitutional in this factual situation depriving defendant of his property without due process of law in violation of the Fourteenth Amendment. The plaintiff contends that the defendant's activities surrounding the contract in question, rendered the defendant amenable to process under these statutes and to require the defendant to defend the suit in a court in North Carolina is not a denial of due process.

After giving consideration to the pleadings, and the motion of the defendant, the briefs and affidavits filed in

support and in opposition to the motion to dismiss, and the arguments of counsel, the Court is of the opinion, and so finds, that the service of process was improper and this Court is without jurisdiction over the person of the defendant.

The defendant, Janler, has its principal office and plant in Chicago, Illinois (with a small plant in Tuscon, Arizona) where it is engaged in manufacturing and selling molds used in the production of plastic products. Plaintiff, Golden Belt, engages in the manufacture of tobacco accessories, among other things, in Durham, North Carolina. Initial contact between the parties occurred when a representative of Golden Belt visited Janler's office in Chicago to discuss the manufacture of certain molds for plastic cigar tips. Janler per Golden Belt's request submitted a quotation dated February 17, 1965, to Golden Belt in Durham. Golden Belt then submitted a purchase order to Janler containing certain specified terms not included in the quotation. This was accompanied by an acknowledgment copy of the purchase order, which copy Janler was required to execute and return to Golden Belt. Thereafter, Janler shipped the mold f. o. b. Chicago to Golden Belt in Durham. This suit was instituted when, as Golden Belt alleges, the mold proved defective.

It is undisputed that this contact forms the only contact that Janler had with the State of North Carolina.

With this relatively simple set of facts, the Court is confronted with two questions: Does this activity come under the provisions of the North Carolina "long arm" Statutes and if it does, is their application consistent with due process?

Golden Belt does not strenuously contend that Janler was "transacting business" as required by G.S. § 55–144; however, it does contend that Janler is subject to service under G.S. § 55–145 (a) (1) and/or G.S. § 55–145(a) (3).

This Court cannot agree that the contract was either made or to be performed in North Carolina so as to acquire jurisdiction under (a) (1). Foregoing prolonged discussion, it is sufficient to say that Golden Belt's purchase order was not an acceptance of Janler's offer contained in their quotation, but was a counteroffer, which was accepted by Janler's signed return of the acknowledgment copy of the purchase order. Performance of the contract was substantially in Illinois, thereby precluding any service under (a) (1).

G.S. § 55–145(a) (3) is a different matter. The mold was contracted for and produced with every expectation it would be used in North Carolina. This factual situation falls squarely under the provisions of (a) (3); therefore, due process withstanding, Janler is subject to the North Carolina statute which would give this Court in personam jurisdiction over the defendant.

Answering the first question in the affirmative, poses the second. Even though the jurisdictional statute of North Carolina is applicable, is its application consistent with the requirements of federal due process?

This Court agrees that the law surrounding what amounts to due process in this area is certainly not static and, with our advancing methods of transportation and communication, should possibly be liberalized. Nevertheless, it cannot agree with the plaintiff that the law has been liberalized to the extent necessary to subject the defendant under this factual situation to the in personam jurisdiction of a court in North Carolina.

The plaintiff argues "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" under the "minimum contacts" rule of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant counters with Judge Sobeloff's ruling in Erlanger Mills Inc. v. Cohoes Fibre Mills, 4 Cir., 239 F.2d 502 (1956) where, in an exhaustive opinion under a similar set

of facts, the Court held that the minimum contacts necessary to constitutionally subject the defendant to jurisdiction of North Carolina courts did not exist and to subject the defendant to the suit would not only offend due process, but place a burden on interstate commerce.

■ The plaintiff stresses the further relaxation in the "minimum contacts" rule as evidence by the holding in McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). However, in that case the Supreme Court, in the view of this Court, was guaranteeing a forum for a different type plaintiff. There, an individual policyholder sued the insurance company which if not amenable to service in the policyholder's home state might for all practical purposes be immune from suit due to the expense involved in long-distance litigation by the plaintiff. That situation does not exist in this suit. The parties are both commercial concerns dealing on equal footing at arms length. To subject the defendant to suit in the state where it has never solicited, advertised, or transacted business and where its only contact is the contract in suit, which was made and substantially performed in another state, would serve no useful purpose in the promotion of interstate commerce. The hardship in conducting the suit in a foreign forum is as great on one party as it is on the other.

While recognizing the liberalizing trend in this area of the law, the Court must hold that to subject the defendant to the in personam jurisdiction of the courts in North Carolina would violate due process. If jurisdiction were allowed, the "minimum contacts" required would be minimal indeed.

### ORDER

It is therefore, ordered that the motion of the defendant to dismiss for lack of jurisdiction over the person of the defendant be and the same hereby is allowed.