Patricia BRYSON, Plaintiff,

v.

The NORTHLAKE HILTON,
Defendant.

Thomas M. BRYSON, by his Guardian
Ad Litem John K. Patterson,
Plaintiff,

v.

The NORTHLAKE HILTON,
Defendant.

Nos. C–75–259–G, C–75–265–G.

United States District Court,
M. D. North Carolina,
Greensboro Division.

Jan. 22, 1976.

David I. Smith, Burlington, N.C., for plaintiffs.

Thomas C. Duncan, Greensboro, N.C., for defendant.

### MEMORANDUM

GORDON, Chief Judge.

The issues raised by these two cases are, for all practical purposes, identical. The two plaintiffs, Patricia Bryson and Thomas Bryson, her son (who as a minor is represented by his guardian *ad litem* John K. Patterson), are both seeking damages from the defendant, The Northlake Hilton, for flea bites which they allege that they received while staying in the defendant motel in Tucker, Georgia. Because of the common issues of fact and questions of law presented, these cases are being considered together.

The jurisdictional basis of these actions is founded on diversity of citizenship. Both plaintiffs are citizens of Alamance County, North Carolina. The defendant The Northlake Hilton (hereafter referred to as Northlake) is a motor inn owned and operated by Northlake Hotel Developers, Ltd., a limited partnership organized and doing business in the State of Georgia.

The defendant has moved, in timely fashion, to dismiss these complaints for lack of in personam jurisdiction, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The parties have filed briefs and affidavits in support of their contentions. In general, the defendant asserts that neither the due process clause of the United States Constitution nor applicable North Carolina statutory law permits the exercise of jurisdiction by this Court.

The plaintiffs allege that from July 3, 1974, through July 6, 1974, they were guests of Northlake in Tucker, Georgia, and that, while guests of the defendant-establishment, they were each bitten by numerous flea-like insects which caused them grave personal injuries. Northlake holds a franchise from Hilton Inn, Inc., to do business in Tucker, Georgia, as The Northlake Hilton Inn.

The plaintiffs have brought their actions in tort and in contract, seeking to recover monetary damages for the personal injuries which they allege were sustained because of negligence and/or breach of contract by the defendant. Each plaintiff asserts a claim for both actual and punitive damages.

When in personam jurisdiction is contested in diversity cases, as it is here, the court must undertake a two-part inquiry. First, it must determine if the applicable state law would allow the exercise of in personam jurisdiction over the party in question; second, assuming the answer to the first inquiry is yes, the court must determine if the exercise of jurisdiction by state law comports with due process concepts embodied in the Fourteenth Amendment to the United States Constitution. *Bowman v. Curt G. Joa, Inc.*, 361 F.2d 706 (4th Cir. 1966); *Munchak Corporation v. Riko Enterprises, Inc.*, 368 F.Supp. 1366 (M.D.N.C.1973).

The plaintiffs rely in chief upon the provisions of North Carolina General Statutes § 1–75.4(4), which states, in pertinent part:

"A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances . . . ."

"(4) Local Injury; Foreign Act.— In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

"a. Solicitation or services activities were carried on within this State by or on behalf of the defendant; or

"b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed within this State in the ordinary course of trade."

The burden is on the plaintiffs to prove the existence of jurisdiction, but that burden can be met by a prima facie showing that jurisdiction is conferred by a statute such as this one. Further, the introductory language of this statute, set forth in § 1–75.1, and the case law interpreting it clearly indicate that the statutory provisions are to be construed liberally in favor of finding personal jurisdiction, as long as such a finding is consistent with due process. *First Citizens Bank and Trust Co. v. McDaniel*, 18 N.C. App. 644, 197 S.E.2d 556 (1973); *Munchak Corporation v. Riko Enterprises, Inc., supra.*

The plaintiffs allege that Northlake comes under the provisions of § 1–75.4(4) because, as a Hilton franchise, it benefits from the reputation of Hilton franchises in North Carolina; it is part of the network of motels that are covered by the general advertising campaign for all Hilton Inns and, as such, solicits business in North Carolina; and it makes use of and is part of the Hilton Reservation Service which is available at Hilton Inns in North Carolina. Specifically, the plaintiffs claim that brochures advertising Northlake were found in the Hilton Inn in Burlington, North Carolina;[1] that, in making their reservations with Northlake, they relied on advertising for Hil-

ton Inns and the general reputation of Hilton Inns in North Carolina; and that their reservations at Northlake were made through the Hilton Inn in Burlington, where another member of their family was a full-time employee.

Defendant Northlake counters by asserting that plaintiffs' claims do not fall within the provisions of § 1–75.4(4) but, if they are covered at all, it is by § 1–75.4(1). Northlake further contends that the plaintiffs fail to meet the requirement of substantiality imposed by § 1–75.4(1). That portion of the statute reads, in pertinent part:

"A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

"(1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon the party; . . .

"Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise."

■ Defendant Northlake is correct in asserting that the claims being raised by the plaintiffs are not based upon a "local injury," as required by § 1–75.4(4). The alleged injuries took place in Georgia, not in North Carolina. The plaintiffs, while citizens of North Carolina, were not "within the State" at the time their injuries occurred, as required by this subsection of the statute.

■ It is a more plausible interpretation of the various subsections of § 1–75.4 to find that the plaintiffs' claims as set forth in the pleadings and sworn affidavits of this case should be considered under subsection (1), as suggested by the defendant. Here too, however, the plaintiffs are in difficulty. The plain-

---

1. These brochures were first discovered in the North Carolina Hilton Inn by the plaintiffs fourteen months after the alleged injuries occurred.

tiffs are suing Northlake, a limited partnership in Georgia that holds a Hilton Inn franchise. They are not suing the franchisor which apparently runs the reservation system, grants franchises to motels in North Carolina, and does general advertising designed to promote all Hilton Inns. The most direct contact that the Northlake partnership might have with North Carolina, if the pleadings are to be taken in a light most favorable to the plaintiffs, is the placing of brochures advertising the Northlake Hilton Inn in the lobby of one Hilton Inn in North Carolina. This degree of solicitation of business can hardly be considered "substantial," as required by subsection (1) of the statute.

As noted above, however, North Carolina General Statutes § 1–75.4 does contain the admonition that its provisions must be liberally construed. Even if the language of the statute could be so generously interpreted as to permit the plaintiffs to proceed, there would still remain the matter of whether an exercise of jurisdiction by this Court would comport with the due process requirements of the Fourteenth Amendment.

In order for jurisdiction to be exercised, the defendant must be found to have "certain minimum contacts" with the State of the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This concept of due process was extensively discussed in *Erlanger Mills v. Cohoes Fibre Mills,* 239 F.2d 502 (4th Cir. 1956):

"In recent years, however, the fictional phrase 'constructive presence' has been replaced by tests couched in more realistic language. The standard of jurisdictional due process as now expressed is that the defendant have 'certain minimum contacts' with the state of the forum, 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' *International Shoe Co. v. State of Washington,*

*supra,* 326 U.S. at p. 316, 66 S.Ct. at p. 158, 90 L.Ed. 95; *Travelers Health Association v. Com. of Virginia,* 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154. The problem in each case, therefore, is to determine whether or not the relationships, ties, and contacts between the defendant and the state of the forum warrant jurisdiction."

A case which arose in this district also discussed "due process." In *Golden Belt Manufacturing Co. v. Janler Plastic Mold Corp.,* 281 F.Supp. 368 (M.D.N.C.1967), this Court stated:

"Nevertheless, it cannot agree with the plaintiff that the law has been liberalized to the extent necessary to subject the defendant under this factual situation to the in personam jurisdiction of the court in North Carolina.

"The plaintiff argues 'that the maintenance of the suit does not offend traditional notions of fair play and substantial justice' under the 'minimum contacts' rule of *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant counters with Judge Sobeloff's ruling in *Erlanger Mills, Inc. v. Cohoes Fibre Mills,* 4th Cir., 239 F.2d 502 (1956) where, in an exhaustive opinion under a similar set of facts, the Court held that minimum contacts necessary to constitutionally subject the defendant to jurisdiction of North Carolina courts did not exist and to subject the defendant to this suit would not only offend due process but place a burden on interstate commerce." 281 F.Supp. at 370, 371.

■ In the present case the factors which the plaintiffs cite in support of their contention that the defendant has established "minimum contact" within the State of North Carolina can all be categorized as efforts to solicit business. The North Carolina courts have repeatedly held that the mere solicitation of business is not sufficient contact on which to base jurisdiction over a non-resident defendant. See, *e. g., Lambert v. Schell,* 235 N.C. 21, 69 S.E.2d 11 (1952);

*Harrington v. Croft Steel Products, Inc.,* 244 N.C. 675, 94 S.E.2d 803 (1956).

In an affidavit filed by the defendant and signed by Mr. Allen Hardin, President of Hardin Investment Associates, Ltd., a general partner of Northlake Hotel Developers, Ltd., the limited partnership holding the Northlake Hilton Inn franchise, the defendant disclaims any other contact which would subject it to the jurisdiction of this Court. The affidavit states that the limited partnership owning The Northlake Hilton was formed under the laws of the State of Georgia and that it does not own or operate any property in the State of North Carolina and that it has never owned any property in the State of North Carolina. It further states that none of the general or limited partners of the limited partnership are citizens or residents of the State of North Carolina; that the limited partnership does not have and has never had any agent or agents transacting business in the State of North Carolina; that Northlake itself has no agents in the State of North Carolina; that the limited partnership is not licensed, qualified, or domesticated to do business in the State of North Carolina; and that the only business of the limited partnership is to own and operate Northlake. Clearly, it appears that the only activity in the State of North Carolina which might be attributed to Northlake is that of solicitation.

Two North Carolina cases have direct bearing on this present proceeding. In both of them, the North Carolina Supreme Court held that slight solicitation fails to meet the due process requirements of *International Shoe.* In *Putnam v. Triangle Publications, Inc.,* 245 N.C. 432, 96 S.E.2d 445 (1957), the plaintiff, a North Carolina resident, sued the defendant, a Delaware corporation having its principal place of business in Pennsylvania. The action concerned an alleged libel and invasion of privacy by an article in defendant's magazine. The defendant had sold the magazines to independent wholesalers in North Carolina,

but title had passed outside the state. Furthermore, three of the defendant's representatives entered North Carolina two to five times a year to promote sales to news dealers and television stations. Despite the presence of the magazines and the representatives in North Carolina, the court held that the defendant did not have sufficient ties with North Carolina to satisfy due process requirements and that the North Carolina courts did not have jurisdiction over the defendant. In *Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., supra,* the plaintiff, a North Carolina corporation, placed an order for some yarn with the defendant, a New York corporation having its principal place of business in New York. The contract was accepted in New York and the goods were shipped f. o. b. New York. Plaintiff found some defective yarn in the shipment and sued to recover damages. Not only was the yarn present in North Carolina with the prior knowledge of the defendant but also its general manager came to plaintiff's plant in North Carolina to discuss the complaint. The court held that to sustain jurisdiction would be offensive to the due process clause. *Id.* at 507. In both *Putnam* and *Erlanger,* the defendants had more contacts with the State of North Carolina than Northlake has had in the instant case. Northlake has had no representatives come to the State of North Carolina for any business reason; additionally, Northlake has not supplied any goods or services in the State of North Carolina.

Another important North Carolina decision decided after *International Shoe* is the case of *Harrington v. Croft Steel Products, Inc., supra.* After discussing the decision in *International Shoe,* the North Carolina Supreme Court in *Harrington* stated as follows:

"It must be conceded the taking of orders in this State to be transmitted to the home office of a foreign corporation for acceptance and the shipment by common carrier of its goods into this State is not doing business within

the meaning of G.S. § 55–38." [2] *Harrington*, 94 S.E.2d at 805.

In the case at hand Northlake does not even have the contacts with the state that were present in *Harrington* since Northlake has never sent any goods into the State of North Carolina.

*Lambert v. Schell, supra*, stated as follows:

"It is well settled that soliciting in a State by a foreign common carrier of the business of transporting persons and property between the states is not the doing or transaction of business within the State so as to bring the corporation within the jurisdiction of the local courts in an action *in personam*, at least where such foreign railroad corporation has no line in the State and does no business there other than soliciting business for interstate commerce, even though it maintains an office and employs an agent within the State, because this is merely incidental to the main business of the corporation." 235 N.C. 21, 24–25, 69 S.E.2d 11, 14.

Under the theory of the plaintiffs, Northlake has, at most, merely solicited business in North Carolina for the purpose of interstate commerce, *i. e.*, solicitation of customers for an interstate hotel business. However, Northlake does not maintain an office or an employee within the State of North Carolina as did the defendant in *Lambert*.

■ Northlake is clearly engaged in interstate commerce. The prosecution of this suit against Northlake in this district would constitute an unreasonable interference with interstate commerce. In *Davis v. Farmers' Cooperative Equity Co.*, 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996 (1923), the bringing of a suit against a railroad corporation was considered an unwarranted interference with interstate commerce when it was brought in a state in which the corporation transacted no business other than to maintain an agent for the solicitation of business; the business solicited did not touch the state; and the only other act done in the state was to maintain a bank account there. Northlake maintains no agent in the State of North Carolina and has no bank account here. Further, the United States Supreme Court has stated in *Denver and Rio Grande Western Railroad Company v. Terte*, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295 (1932), that interstate commerce is unduly burdened by the bringing of an action under the Federal Employers' Liability Act in respect to an injury sustained in another state. The action was brought in the courts of the state in which the injured employee resided but in which the defendant owned and operated no railroad line, was not licensed to do business, and where it maintained offices and agents only for the solicitation of business. The contacts with the forum state in that case were substantially greater than those which Northlake allegedly has had with the State of North Carolina. In the light of these opinions, the maintenance and prosecution in this Court of the suits brought by the plaintiffs against Northlake would be an unreasonable interference with interstate commerce.

■ This Court is not the proper forum in which the plaintiffs can proceed. The dismissal of their actions is done without prejudice to any attempt they may choose to make to bring this suit in another forum. It is the duty of a court to accept jurisdiction of those cases where jurisdiction is present, and equally the duty to dismiss those cases where jurisdiction is not present.

Other contentions of the defendant Northlake, including the improper naming of the defendant in the initial pleadings, have not been considered since dismissal is required for the above stated

**2.** G.S. § 55–38 is now denominated as G.S. § 55–145. The jurisdiction created by this section pertains only to local actions and has no application to any cause of action arising outside the State of North Carolina. *Atlantic Coast Line R.R. v. J. B. Hunt and Sons*, 260 N.C. 717, 133 S.E.2d 644 (1963); *Munchak Corp. v. Riko Enterprises, Inc., supra*.

reasons. The Court makes no decision on the merits of these additional defenses.

Accordingly, a judgment will be entered.