J. C. CURRIE ET AL. V. GOLCONDA MINING AND MILLING
COMPANY ET AL.

(Filed 27 November, 1911.)

1. Judgments—Motion to Set Aside—Excusable Neglect.

Upon motion to set aside a judgment on the ground of excusable neglect, by nonresident defendants, it must appear that the motion was made within twelve months from the rendition of the judgment.

2. Judgments—Parties—Not Resident—Motion to Set Aside—Interpretation of Statutes.

A judgment obtained upon service by publication of summons will not be set aside under the provisions of Revisal, sec. 449, upon motion made by defendant more than twelve months after its rendition.

3. Judgments—Irregular—Definition.

An irregular judgment is one rendered contrary to the course and practice of the courts, and may be set aside, upon motion, within a reasonable time when a meritorious defense is shown.

4. Process—Service—Nonresidents—Publication—Statutes—Constitutional Law.

Revisal, sec. 1243, providing for personal service of summons on corporations "having property or doing business in this State," by leaving a true copy of the summons with the Secretary of State, is constitutional and valid.

5. Process, Returnable—Nonresidents—Publication—Procedure.

It is not required as to the validity of the service of a summons by publication and attachment on property within the State that the action be commenced within thirty days from the time of issuing the summons, or that service be completed ten days before the return term.

6. Pleadings—Verification—Substantial Compliance.

It is not necessary to the regularity of the verification of a complaint that it be subscribed by the party making it, and a substantial compliance is sufficient, and meets the requirements when it appears therefrom that the plaintiff swore to the complaint before an officer authorized to administer oaths.

7. Pleadings—Judgment by Default—Promise to Pay.

When personal service on defendant has been properly made, a judgment by default for want of an answer may be obtained at the return term, if the complaint alleges an express promise to pay a certain sum due.

157—14

8. Nonresidents—Process—Service by Publication—Personal Judgment—Proceedings in Rem.

A judgment against a nonresident defendant by publication of service is invalid when he has no property in the State subject to attachment; and if he has such property, which has properly been attached, no personal judgment may be rendered against him in the absence of personal service, the proceedings being *in rem*, leaving the judgment to be satisfied only to the extent of the proceeds of sale of the property attached.

9. Process—Service by Publication—Personalty—Nonresidents—Interpretation of Statutes.

When there is service by publication on two nonresident defendants, one of whom has lands in the State subject to attachment, and owes the other defendant a part of its purchase price, the debt owed is not such an interest in the property as comes within the meaning of Revisal, sec. 1243, providing for service of summons by publication, as it is personalty in the hands of creditor beyond the borders of the State.

10. Pleadings—Definiteness—Judgment by Default.

A pleader desiring a judgment by default final must set forth clearly the facts upon the admission of which, by failure to answer, he bases his right to relief, that the court may, upon the interpretation of his complaint, adjudge his rights to correspond with such facts, for otherwise the judgment would be irregular.

11. Process—Publication—Attachment—Property—Debt—Status.

A judgment by default final against two nonresident defendants, A and G, will be set aside for irregularity when it appears from the complaint that A had no property within the State, and the ground of relief is based upon an alleged assignment by A to the plaintiff of a debt for the purchase money of lands situated here, against which an attachment has been sued out, without allegation that G knew of its assignment, or of the status of the debt owed by A or of what disposition had been made of it, the liability of G being determined as of the time of the levy of the attachment, and the allegations therefore not being sufficiently definite.

12. Judgments — Irregularities — Attachment—Sale—Innocent Purchaser for Value—Procedure.

When judgment by default final and attachment on his lands has been set aside against a nonresident defendant for irregularity, and the property seized under the attachment has been sold and deed made to a purchaser who is not a party to the motion, the action of the court in setting aside the judgment will not

prejudice his rights; but he should be made a party; and if it is found that he is an innocent purchaser for value, *semble*, that the judgment may be set aside as between the parties and retained for his protection.

13. Same.

In this case the fact that the defendant, the president and the corporation, both nonresidents, upon whom judgment by default for want of an answer had been obtained upon service of summons by publication, knew of the pendency of the action before judgment was rendered, and that neither moved in the matter for more than twelve months thereafter, would have an important bearing upon the rights of a party to whom a deed to the attached lands in controversy had been made, and who claimed as an innocent purchaser for value.

14. Nonresidents — Judgment Set Aside — Request to Plead — Appearance.

A request of nonresident defendants to answer the complaint, in their application to have a judgment set aside for irregularities, is equivalent to a general appearance.

APPEAL from *Daniels, J.*, from judgment rendered 21 August, 1911, from MONTGOMERY.

This is a motion to set aside a judgment for irregularity.

The summons was issued on the 3d day of March, 1910, against the Golconda Mining and Milling Company and O. M. Allen, Jr. Both defendants were nonresidents, and, as far as the record discloses, the only property owned by the said Allen is a debt of $18,000 due him by said Golconda Company, which is a corporation owning property in this State, but not doing business therein when the action was commenced.

A warrant of attachment was issued at the time of the issuing of the summons, and the return thereon shows that it was levied on said debt of $18,000 and on the property of said corporation. A copy of the summons against the Golconda Company was left with the Secretary of State, in accordance with Revisal, sec. 1243, on 19 March, 1910. An order of publication of summons and of the attachment was procured against both defendants on 15 March, 1910. The publication began on 24 March, 1910, and was continued once a week for four weeks, the last publication being on 14 April, 1910.

The term of court at which the judgment was rendered began on 18 April, 1910. Within the first three days of said term the plaintiffs filed their complaint, with the following form of verification thereon:

"J. C. Currie, one of the plaintiffs, being duly sworn, deposes and says that the foregoing complaint is true of his own knowledge, except as to those matters and things therein stated on information and belief, and as to those he believes it to be true.

"Witness my hand, this 18th day of April, 1910.

"HIRAM FREEMAN,
"Justice of the Peace."

They allege as to the defendant Allen a promise to pay them $5,000 as the purchase price of certain property, on certain conditions, and that the conditions have been performed.

They also allege that said property was sold by said Allen to the Golconda Company, and that it is indebted to him in the sum of $18,000 for the same, and that the purchase price of $5,000 agreed to be paid by the defendant O. M. Allen, Jr., to the plaintiffs for their interests in the tracts of land aforesaid was included in the $18,000 agreed to be paid by the defendant the Golconda Mining and Milling Company to the said Allen for the purchase price of said tracts of land; and the said Allen in securing said agreement from the defendant the Golconda Mining and Milling Company to pay the $18,000 purchase price of said property, became the agent or trustee of the plaintiffs to the extent of $5,000 of said purchase price agreed to be paid by the defendant the Golconda Mining and Milling Company for said property, and said indebtedness of the defendant the Golconda Mining and Milling Company to the defendant O. M. Allen, Jr., was contracted for the benefit of the said plaintiffs to the extent of $5,000 of said $18,000, and in pursuance of the agreement hereinbefore alleged and the agreement referred to herein as Exhibit "A"; and the defendant the Golconda Mining and Milling Company thereby became liable to the plaintiffs in the said sum of $5,000 for the purchase price of the interests of the plaintiffs in and to the lands and property hereinbefore set forth.

That thereafter the defendant O. M. Allen, Jr., pursuant to the agreement hereinbefore set forth, assigned, transferred, and set over to the plaintiffs the indebtedness due from the defendant the Golconda Mining and Milling Company to the defendant O. M. Allen, Jr., for the purchase price of said tracts of land, as aforesaid, to the extent of $5,000 thereof, with interest on the same, and the said the Golconda Mining and Milling Company and O. M. Allen, Jr., are due and owing to the plaintiffs the said sum of $5,000, with interest thereon from 19 January, 1904, until paid.

Upon the hearing of the motion, the following judgment was rendered:

"This cause coming on to be heard upon the motion of the defendants to set aside the judgment rendered herein at April Term, 1910, of Montgomery Superior Court, and being heard upon the complaint and affidavits filed by the parties, the court finds the following facts:

First. That judgment by default final was rendered in this action at April Term, 1910, of said court, and that motion to set aside the said judgment was made, returnable to July Term, 1911, of said court, and the said motion was continued by consent and heard at Lexington in the county of Davidson on this the 21st day of August, 1911.

Second. That service of summons in the case was made upon the defendants through the Secretary of State and also by publication, but publication of summons and notice of attachment by publication were begun immediately after the summons issued, and not after thirty days from the issuing of said summons.

Third. That the plaintiffs, at the return term of the summons in this action, offered testimony as to the proof of the claims set up in the complaint.

Fourth. That the defendants have a good and meritorious defense to the action of the plaintiffs.

Fifth. That as to the first cause of action, the complaint does not set forth a contract between the plaintiffs and the defendant corporation with sufficient definiteness and certainty and of the nature and character required by the statute for the rendition of a judgment by default final at the return term.

Sixth. That the defendant O. M. Allen, at the time referred to in the complaint after the organization of the defendant corporation, was the president of said corporation.

Seventh. That as to the first and second causes of action, the complaint sets forth a contract between the plaintiffs and the defendant O. M. Allen, Jr., with sufficient definiteness and certainty and of the nature and character required by law for the rendition of a judgment by default final as against said defendant Allen.

Eighth. That April Term, 1910, of Montgomery Superior Court began on 18 April, 1910.

Tenth. That this action was begun in the Superior Court of Montgomery County, North Carolina, on 3 March, 1910, the summons issued therein being returnable to April Term, 1910, of said court, the summons in said case being issued both to Montgomery County and to Wake County; that the summons issued to the Sheriff of Montgomery County was returned, "No officer or agent of the defendant the Golconda Mining and Milling Company, upon whom process against the defendant can be served, can be found in Montgomery County," and summons issued to the Sheriff of Wake County was served by the sheriff of said county on 19 March, 1910, as shown by the return thereon made by leaving a true copy of the summons with J. Bryan Grimes, Secretary of State of the State of North Carolina, and by paying him 50 cents at the instance of the plaintiffs in said cause; that upon affidavits made as shown by the judgment roll in said action, the summons and notice of the issues of the warrant of the attachment therein was also served by publication, as shown by said judgment roll, and a warrant of attachment was issued against said defendant the Golconda Mining and Milling Company, on 16 March, 1910, which said warrant was on 17 March, 1910, levied by the Sheriff of Montgomery County upon the property described and referred to in the judgment rendered in this cause and the complaint herein filed, and that thereafter and within five days from said levy, said levy was certified by the said sheriff to the Clerk of the Superior Court of Montgomery County, and the same was docketed on the judgment docket of said court, as shown by the

judgment roll in this action; that within the first three days of the April Term, 1910, of the Superior Court of Montgomery County, it being the term to which said summonses were returnable, the plaintiffs filed the complaint appearing in the judgment roll and record, and there was no answer filed to the same during said term; that the plaintiffs moved for judgment upon said complaint by default for want of an answer immediately before the adjournment of said April Term, 1910, of said court, and offered evidence to establish the claims and demands of the plaintiffs, and the judgment appearing in the judgment roll in this cause in favor of the plaintiffs and against the defendants was rendered by the court at said term.

Eleventh. That the Golconda Mining and Milling Company, defendant, is a foreign corporation, created and organized under the laws obtaining in the District of Columbia, in the United States, and on or about 11 September, 1905, became the owner of the real estate described in the complaint in this cause, by a deed executed to it by the defendant Oscar M. Allen, Jr., and his wife, Lucile D. Allen, which said deed was, after probate, recorded in the office of the Register of Deeds of Montgomery County in Book of Deeds, No. 43, at page 490; that thereafter the said defendant the Golconda Mining and Milling Company began to do business in the county of Montgomery in the State of North Carolina, and purchased certain machinery and proceeded to make certain excavations and sink certain shafts upon the real estate aforesaid, referred to, and operated its property for the purpose of mining for gold and other minerals thereon, and continued to operate said mine and engage in business, as aforesaid, in said county of Montgomery and State of North Carolina, until about the year 1907, when it ceased to operate its mine and discontinued the working and development of its mine and property, and has not worked or operated the mine and property, and has not worked or operated the mine since the year of 1907, and has not, since that time, worked or developed said mine to any extent whatever; that the said defendant the Golconda Mining and Milling Company has at no time filed in the office of the Secretary of State of the State of North Carolina a copy of its charter or articles

of agreement, attested by its president and secretary under its corporate seal, and a statement, attested in like manner, of the amount of its capital stock authorized, the amount actually issued, the principal office of this corporation in this State, and the name of the agent in charge of said office, the character of the business which it transacts, and the names and post-office addresses of its officers and directors, as required by law, and has not, since the year 1907, had an officer or agent in the State of North Carolina upon whom process in all actions or proceedings against it can be served, as required by law.

Twelfth. That the defendant the Golconda Mining and Milling Company had actual knowledge of the bringing of this action for some time prior to the taking of the judgment herein at the April Term, 1910, of the Superior Court of Montgomery County, and said defendant had actual knowledge of the judgment so rendered herein at said April Term, 1910, for more than one year before serving the notices in this cause, that it would move to set aside said judgment, and before making said motion.

Thirteenth. That the complaint appearing in the judgment roll and record was actually sworn to by J. C. Currie, one of the plaintiffs, as set forth in the affidavit attached to the complaint, on the day it bears date, before Hiram Freeman, a justice of the peace of Montgomery County, North Carolina, who was duly authorized to administer such oath shown by affidavits filed upon the hearing of this motion, but at the time judgment by default was rendered no certificate or jurat appeared to the verification, except what appears on the face of the complaint.

Fourteenth. That since the rendition of the judgment herein at April Term, 1910, of the Superior Court of Montgomery County, execution duly issued thereon, and by virtue thereof the Sheriff of Montgomery County, to whom said execution was issued and delivered, sold the real estate described in the complaint in this cause pursuant to the mandate of said execution and deed made to the purchaser.

Fifteenth. That the Pittman-McDonald and Black warrantee deeds, referred to in Exhibit "A," attached to the complaint, were actually executed and delivered to O. M. Allen, Jr.; and conveyed the lands referred to in said contract.

Upon the foregoing findings of fact the court adjudges that the judgment by default final rendered in this cause was and is irregular and not taken according to the regular course and practice of the court, and the said judgment is hereby set aside and the defendants allowed to answer the complaint.

The plaintiff excepted and appealed.

*U. L. Spence for plaintiff.*
*T. J. Jerome and J. A. Spence for defendant.*

ALLEN, J.   The defendants are not entitled to relief on the ground of excusable neglect, because the motion was not made within twelve months from the rendition of the judgment (*Clement v. Ireland,* 129 N. C., 220; *Ins. Co. v. Scott,* 136 N. C., 157), nor under Revisal, sec. 449, allowing a defendant against whom a judgment has been rendered, upon service by publication, to defend after judgment, upon good cause shown, because more than twelve months had elapsed after notice of the judgment before any notice of the motion issued.

They must, therefore, rely upon the right to have the judgment set aside upon the ground that it is irregular.

An irregular judgment is one rendered contrary to the course and practice of the courts, and may be set aside within a reasonable time, and upon showing a meritorious defense. *Scott v. Life Association,* 137 N. C., 520.

We must then inquire into the regularity of the proceeding.

The summons was duly served on the corporation under section 1243 of the Revisal, and also by publication.

The section of the Revisal referred to provides for personal service of corporations "having property or doing business in this State," by leaving a true copy of the summons with the Secretary of State, and it appears that the Golconda Company had property in the State, and that a copy of the summons was left with the proper officer on 19 March, 1910.

A statute similar to this has been held valid. *Fisher v. Ins. Co.,* 136 N. C., 222.

The publication of the summons and attachment was not irregular, because commenced within thirty days from the time of issuing the summons (*Best v. British and Am. Co.,* 128 N.

C., 351; *Grocery Co. v. Bag Co.,* 142 N. C., 174, the last case overruling *McClure v. Fellows,* 131 N. C., 509), and it was not necessary that the service thereof should be complete ten days before the April term of court. *Guilford County v. Georgia Co.,* 109 N. C., 310.

The same principles apply to the service by publication on the defendant Allen, except in one particular, to which we will hereafter refer.

The verification of the complaint is a substantial compliance with the statute, and it sufficiently appears that the plaintiff was sworn, and by an officer authorized to administer oaths. It was not necessary that it should be subscribed. *Alford v. McCormac,* 90 N. C., 151.

As against the defendant Allen, the complaint alleges an express promise to pay a sum certain, and if there had been personal service of summons, the plaintiff would have been entitled to judgment by default final against him. *Hartman v. Farrier,* 95 N. C., 178; *Scott v. Life Association,* 137 N. C., 522.

There was, however, no personal service on him, and as he was a nonresident, jurisdiction could only be had by levying the attachment on property belonging to him in this State, and when thus obtained, it would not authorize a personal judgment against him. *Winfree v. Bagley,* 102 N. C., 515; *Goodwin v. Claytor,* 137 N. C., 230; *May v. Getty,* 140 N. C., 318; *Lemly v. Ellis,* 143 N. C., 213.

These cases fully sustain the propositions that, in the absence of an attachment levied upon property of a nonresident within the State, that an attempt at service by publication is ineffective for any purpose, and that "the court acquires jurisdiction where an attachment has issued or the *res* has otherwise been brought within its control only to the extent that the *res* will satisfy the plaintiff's recovery, and no general or personal judgment will be binding beyond that." *Lemly v. Ellis, supra.*

Applying these principles to the judgment against the defendant Allen, it must be held to be irregular, because a personal judgment was rendered against him, which might, however,

be treated as an adjudication of the amount found to be due, and not a judgment for its recovery (*Goodwin v. Claytor,* 137 N. C., 230), and for the further and stronger reason that the attachment was not levied on any property belonging to him, situate in this State.

It is not alleged that the defendant Allen has any interest in the property of the Golconda Company, and the only property *belonging to him,* referred to in the attachment, is the debt of the company to him.

He and the company are outside the State, and nonresidents, and the debt cannot be property of his in this State.

The case of the Golconda Company rests on different facts. The summons as to this defendant was served by leaving a copy with the Secretary of State, and also by publication, and the attachment was levied on property of the defendant in this State.

If, then, the complaint is sufficient to sustain a judgment by default final, the judgment as to this defendant is regular, and otherwise not.

As was said in *Junge v. McKnight,* 137 N. C., 286: "The plaintiff must be careful to draw his judgment, when by default final, according to the right arising upon the case stated by the complaint, 'because the defendant is concluded by the decree, so far at least as it is supported by the allegations of the bill.' If the decree or judgment do not conform to this well-settled principle, if it give relief in excess of or of a different character from that to which the plaintiff is entitled upon the allegations of fact in the complaint, the court will promptly set it aside upon application. It thus becomes important that the pleader, when he wishes to take a judgment by default final, set forth clearly the facts upon the admission of which, by failure to answer, he bases his right to relief, so that the court may, upon an inspection of his complaint, adjudge his rights to correspond with such facts."

The complaint alleges a promise upon the part of Allen to pay the plaintiffs $5,000 upon certain conditions, and that the conditions have been performed; that the defendant the Golconda Company has promised to pay the said Allen $18,000, under a contract made for the benefit of the plaintiffs, to the

amount of their debt; and that the said Allen has assigned to the plaintiffs said debt to the extent of their claim against Allen, but it does not allege any promise, upon the part of the Golconda Company, to pay the plaintiffs any sum, or that it had notice of the assignment to the plaintiffs. If so, the amount for which the Golconda Company would be liable to the plaintiffs is, of necessity, uncertain, as the debt to Allen was contracted in 1906, and under the facts stated its liability would be determined as of the time the attachment was levied.

The contract between the said Allen and the other defendant is also made a part of the complaint, and it appears from an inspection of it that provision was made therein for the payment of said sum of $18,000, and there is no allegation as to what was done under it.

If the amount for which the defendant would be liable is not made certain by the complaint, the plaintiffs were not entitled to judgment by default final therein, and such judgment is irregular. *Witt v. Long,* 93 N. C., 390; *Battle v. Baird,* 118 N. C., 854; *Jeffries v. Aaron,* 120 N. C., 169; *Stewart v. Bryan,* 121 N. C., 46.

We conclude, therefore, that there is no error in the judgment rendered; but we note that the property seized under the attachment has been sold, and a deed made to the purchaser, who is not a party to this motion, and will not be prejudiced thereby. If he is an innocent purchaser for value, it may be that the judgment would be set aside as between the parties, and retained for his protection, as was done in *Harrison v. Hargrove,* 120 N. C., 96; and in determining his rights, the fact that Allen was president of the Golconda Company, which appears from affidavits on file, and that both defendants knew of the pendency of the action before the judgment was rendered, and that neither moved in the matter for more than twelve months, would have an important bearing. It is advisable that he be made a party.

The defendants, Allen and the Golconda Company, in their application to have the judgment set aside, asked to be allowed to answer, and this is equivalent to a general appearance by both. *Scott v. Life Association,* 137 N. C., 515.

Affirmed.