C. L. LEGGETT v. FEDERAL LAND BANK OF COLUMBIA, SOUTH CAROLINA.

(Filed 8 February, 1933.)

**Process B d—Federal Land Bank may not be served with summons by service on Secretary of State under provisions of C. S., 1137.**

A Federal Land Bank created by act of Congress and deriving its right to own property and to do business in this State solely through a Federal statute is not a foreign corporation exercising such functions under express or implied authority of this State, and C. S., 1137, relating to service of process on foreign corporations by service upon the Secretary of State is not applicable to such corporation, and our courts acquire no jurisdiction over it by such service.

APPEAL by the defendant from *Frizzelle, J.,* at June Term, 1932, of MARTIN. Reversed.

This is an action to recover damages for the breach of a contract in writing by which the defendant agreed to sell and convey to the plaintiff the land described in the complaint.

The action was begun by a summons issued by the clerk of the Superior Court of Martin County, dated 12 December, 1931, and directed to the sheriff of Wake County, North Carolina. The summons was served as directed by leaving a copy of said summons with J. A. Hartness, Secretary of State, and thereafter duly returned by the sheriff of Wake County to the Superior Court of Martin County.

In the complaint thereafter filed by the plaintiff, it is alleged that the plaintiff is a resident of Martin County, North Carolina, and that the

defendant is a corporation organized and doing business under and by virtue of an act of the Congress of the United States of America, with its principal office in the city of Columbia, in the State of South Carolina. It is further alleged in the complaint that the defendant has property in Martin County, North Carolina, and is doing business in this State.

The defendant, in apt time, entered a special appearance, and moved that the action be dismissed on the ground that the court had acquired no jurisdiction of the defendant by the service of the summons in the action by the sheriff of Wake County by leaving a copy of said summons with the Secretary of State, under the provisions of C. S., 1137. The motion was denied, and the defendant appealed to the Supreme Court.

*Joseph W. Bailey for plaintiff.*
*B. A. Critcher, Frank P. McGowan and Harry D. Reed for defendant.*

CONNOR, J. The summons in this action was served in accordance with the provisions of C. S., 1137. The defendant contends that such service was not effective as to it, for the reason that the statute is not applicable to the defendant. The statute is in words as follows:

"C. S., 1137. Every corporation having property or doing business in this State, whether incorporated under its laws or not, shall have an officer or agent in this State upon whom process in all actions or proceedings against it can be served. A corporation failing to comply with the provisions of this section is liable to forfeiture of its charter, or to the revocation of its license to do business in this State. In the latter event, process in an action or proceeding against the corporation may be served upon the Secretary of State by leaving a true copy thereof with him, and he shall mail the copy to the president, secretary, or other officer of the corporation, upon whom, if residing in this State, service could be had. For this service to be performed by the secretary, he shall receive a fee of fifty cents to be paid by the party at whose instance the service was made."

The validity of this statute has been sustained, where the defendant is a corporation organized under the laws of another State, and has property or is doing business in this State, and summons issued in an action begun or pending in a court of this State against such corporation, has been served in accordance with the provisions of the statute. See *White v. Lumber Co.,* 199 N. C., 410, 154 S. E., 620; *Timber Co. v. Insurance Co.,* 192 N. C., 115, 133 S. E., 424; *R. R. v. Cobb,* 190 N. C., 375, 129 S. E., 828; *Lunceford v. Association,* 190 N. C., 314, 129 S. E., 805; *Anderson v. Fidelity Co.,* 174 N. C., 417, 93 S. E., 948; *Currie v. Mining Co.,* 157 N. C., 209, 72 S. E., 980; *Fisher v. Insurance*

*Co.*, 136 N. C., 217, 48 S. E., 667. The principles on which the statute is held valid, when applied to a corporation organized under the laws of another State, are stated by *Walker, J.*, in his opinion in the last cited case. In that opinion it is said:

"It is thoroughly well settled that the right of a foreign corporation to engage in business within a State other than that of its creation, depends solely upon the will of such other State, and this right may be granted or withheld by the State at its discretion, or it may be granted on any condition the State may see fit to impose, unless there is an interference with interstate commerce, or some other federal principle is violated."

"A foreign corporation, as will be seen from the authorities, can exercise the right to do business in a State only by comity or as an act of grace on the part of the State, and the condition upon which the favor is extended goes with it, and cannot be separated from it, so that if the privilege is enjoyed the condition must be performed."

The defendant in the instant case is a corporation created and organized under an act of the Congress of the United States, known as "The Federal Farm Loan Act." The validity of this act was upheld in *Smith v. Kansas City Title and Trust Company*, 255 U. S., 180, 65 L. Ed., 577. The defendant was not only created and organized under and by virtue of said act of Congress; it derives its right to own property and to do business in this State, solely from said act. It is not a foreign corporation, having property or doing business in this State, under a license, express or implied, from North Carolina. 14(a) C. J., 1214. For this reason the provisions of C. S., 1137, are not applicable to the defendant. There was error in the order denying the motion of defendant that the action be dismissed. The order must be

Reversed.