189 So. 557

**JEFFREYS v. FEDERAL LAND BANK OF NEW ORLEANS et al.**

8 Div. 916.

Supreme Court of Alabama.

June 1, 1939.

W. L. Chenault, of Russellville, for appellant.

Perdue & Miller, of Moulton, and H. D. Finlay, Jr., of New Orleans, La., for appellees.

98

GARDNER, Justice.

Statutory action, in the nature of ejectment, brought by Leona Jeffreys against the Federal Land Bank of New Orleans and its tenant, defendant Green, to recover possession of a certain described tract of land in Lawrence County, Alabama. The trial was before the court without a jury, and from a judgment in favor of defendant, plaintiff has prosecuted this appeal. For the purpose in hand Green, the tenant, may be disregarded as a defendant in the cause.

Both plaintiff and defendant claim title through a common source, one J. C. Poole, the former by virtue of a mortgage executed by Poole and wife in February, 1926, and filed for record March 18, 1929, the latter by a mortgage executed by said Poole and wife, embracing the same lands, and duly recorded in September 1925.

Plaintiff rests her case upon the alleged invalidity of the mortgage to the Federal Land Bank, which is subjected to a two-fold attack. The first to be considered is the contention that, as to the defendant Federal Land Bank, there had been no compliance with our statutory requirement for a foreign corporation to do business in this State. Section 232, Constitution, 1901; Sections 7209–7220, Code 1923; Alabama-Western R. R. Co.

v. Talley-Bates Const. Co., 162 Ala. 396, 50 So. 341.

But putting aside for the moment the fact that the transaction between Poole and defendant bank was. a fully executed one, the mortgage having been duly foreclosed and possession obtained thereunder (Capitol Lumber Co. v. Mullinix, 208 Ala. 266, 94 So. 88), the argument is fully answered by the statute (section 7217, Code 1923), which expressly exempts from the influence of these statutory provisions "corporations organized under the laws of the United States." The defendant bank was organized under the laws of the United States as an agency of the government (Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577), and this statute but gives expression to the current of judicial thought to· the effect that the United States is not a foreign sovereignty as regards the several states (Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833), and that, in the absence of unmistakably clear language, it will not be assumed that the state has attempted to exercise a regulatory power over national agencies established in aid of governmental purposes. Steward v. Atlantic National Bank, 9 Cir., 27 F.2d 224. The case of Leggett v. Federal Land Bank, 204 N.C. 151, 167 S.E. 557, 88 A.L.R. 871, is here directly in point.

Our statutory exemption, however, serves all purposes, and the decided cases but add emphasis thereto. The argument is untenable.

The second attack upon defendant's mortgage is based upon the theory that it embraces the homestead, and there was no separate acknowledgment of the wife as is required. That the separate acknowledgment of the wife, as it appears on the mortgage, is correct in form and substance is not questioned. But the insistence is that the certificate is impeachable for a want of jurisdiction of the party and the subject matter, that is, that the wife was never in the presence of the officer in connection with the acknowledgment of the mortgage, and that in fact it was a fabrication.

The establishment of such a fact would successfully impeach the certificate under our decisions. Moore v. Bragg, 212 Ala. 481, 103 So. 452; Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136. But the authorities are emphatic to the

point that much weight must, of necessity, be accorded the certificate of acknowledgment, and that it will only be set aside or impeached by evidence that is clear and convincing. Many of our cases, with the reasoning upon which they rest, are found noted in Fies v. Lowery, supra, and need no further repetition here.

In the instant case it becomes an issue of fact upon conflicting proof before the trial court on oral testimony. The mortgagor, his wife, and one Carpenter, a young man in the employ of the mortgagor, testify the wife was not present, and never appeared before the officer for any acknowledgment whatever. The justice of the peace who took the acknowledgment was J. W. Bradford, who had served in the office for twenty-eight years, and whose testimony indicates that he was always careful in regard to such matters. "I don't take a shot at that kind of work. * * * I try to make a legal paper out of all I sign," he states. He remembers the occasion and his testimony is full and clear, and entirely contradictory of that offered by plaintiff. Viewed upon the pages of a cold record (and aside from any matter of oral proof), the testimony of this officer is persuasive, and the trial judge was amply justified in concluding that plaintiff had not impeached the certificate by that clear and convincing proof required by the rule of our decisions.

We have considered the testimony with care from all angles, and without indulging in any detailed discussion of it here, content ourselves with the statement of our conclusion thereon as herein indicated. It is clear enough to our minds, from a study of this record, that the trial judge based his conclusion upon the testimony on this disputed issue of fact and that alone, and that the questions presented by the few remaining assignments of error were of no moment in the decision of the case. Aetna Ins. Co. v. Kacharos, 226 Ala. 504, 147 So. 438, headnote number 9, 91 A.L.R. 1432. Their consideration is therefore unnecessary, and may be pretermitted.

The decree will stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.