**TD BANK, N.A. v. CROWN LEASING PARTNERS, LLC**

[224 N.C. App. 649 (2012)]

TD BANK, N.A., SUCCESSOR-IN-INTEREST TO CAROLINA FIRST BANK, A SOUTH CAROLINA CORPORATION

V.

CROWN LEASING PARTNERS, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY; MELVIN RUSSELL; AND TIMOTHY J. BLANCHAT

No. COA12-648

Filed 31 December 2012

1. **Appeal and Error interlocutory orders and appeals—substantial right—change of venue**

   Although defendants' appeal from the denial of their motion for change of venue was from an interlocutory order, it affected a substantial right and was immediately appealable.

2. **Venue—plaintiff nonresident and defendant resident—proper in county defendant resides at commencement of action**

   The trial court erred by denying defendants' motion for change of venue from Buncombe County to Catawba County. In a civil action in this state where venue is not specifically designated by N.C.G.S. §§ 1-76 through 1-81, where the plaintiff is a nonresident and the defendants are residents, the proper venue for the action pursuant to N.C.G.S. § 1-82 is any county in which defendants reside at the commencement of the action. Defendants were residents of Catawba County at the commencement of this action.

Appeal by Defendants from order entered 18 February 2012 by Judge Sharon Tracey Barrett in Buncombe County Superior Court. Heard in the Court of Appeals 23 October 2012.

*Moore & Van Allen PLLC, by Daniel G. Clodfelter, for Plaintiff.*

*Young, Morphis, Bach & Taylor, L.L.P., by Jimmy R. Summerlin, Jr., for Defendants.*

THIGPEN, Judge.

Crown Leasing Partners, LLC, a North Carolina Limited Liability Company ("Defendant Crown Leasing"), Melvin Russell Shields ("Defendant Shields"), and Timothy J. Blanchat ("Defendant Blanchat") (together, "Defendants") appeal from an order entered denying their motion for change of venue from Buncombe County to Catawba County. We reverse and remand the order of the trial court.

The evidence of record tends to show the following: TD Bank, N.A., ("Plaintiff") is a National Association organized and existing under the National Bank Act under the supervision of the Office of the Comptroller of Currency, and Plaintiff is the successor to Carolina First Bank, a corporation formerly organized and existing under the laws of the State of South Carolina and formerly authorized to conduct business in the State of North Carolina. On 6 October 2011, Plaintiff filed a complaint[1] in Buncombe County, North Carolina, against Defendants, all of whom are residents of Catawba County, North Carolina.

On 5 December 2011, Defendants filed a motion to dismiss for improper venue pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) (2011), or alternatively, a motion to change venue pursuant to N.C. Gen. Stat. §§ 1-83(1) and (2) (2011). As a third alternative, Defendants moved that the complaint should be dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(5) (2011), due to insufficiency of service of process. However, Defendants withdrew their motions to dismiss pursuant to N.C. Gen. Stat. §§ 1A-1, Rule 12(b)(3) and Rule 12(b)(5) at trial.

In Defendants' motion to change venue pursuant to N.C. Gen. Stat. § 1-83(1) and (2), they argued that "Plaintiff is a National Association and is not a resident of the State of North Carolina and that Defendants are all residents of Catawba County, North Carolina." Defendants also contended that "most, if not all, witnesses expected to be called herein are residents of Catawba and/or Burke Counties, North Carolina[,]" and "a foreclosure proceeding concerning the Deed of Trust alleged to secure the debt alleged in the Complaint is presently pending in Catawba County, North Carolina."

At the hearing on their motion, Defendants stated the following:

> Your Honor, venue in this action is controlled by General Statute 1-82 which provides that unless other-wise specifically designated, in Article 7 of the General

---

1. Plaintiff's complaint contained two causes of action: (1) that Defendant Crown Leasing, breached the terms of a promissory note that Defendant Crown Leasing had executed to Plaintiff, as successor in interest to Carolina First Bank, on 30 January 2008 in the original principal amount of $880,000.00, which was secured by a deed of trust in the Catawba County Registry; and (2) that Defendant Shields and Defendant Blanchat were personally liable for the amount owed by Defendant Crown Leasing on the promissory note, because Defendant Shields and Defendant Blanchat personally guaranteed, by execution of guaranty agreements on 30 January 2008, payment upon default by Defendant Crown Leasing.

Statutes the case must be tried in the county where the plaintiffs or the defendants or any of them reside. Your Honor, in this case all of the defendants reside in Catawba County, North Carolina, and TD Bank, the plaintiff, does not reside in the state of North Carolina. TD Bank is a national association incorporated under the laws of the National Bank Act. It has its executive offices in Maine and New Jersey. It's not been domesticated into North Carolina and is not subject to the North Carolina Business Corporations Act. It's not a registered entity with the North Carolina Secretary of State Corporations Division. Your Honor, based on that, the fact that TD Bank is a foreign entity not registered and domesticated into North Carolina, the defendants contend that proper venue in this county would be wherever the defendants reside, Catawba County, North Carolina.

On 18 February 2012, the trial court entered an order denying Defendants' motion for change of venue. In the trial court's order, it made the following findings of fact:

1. That the Plaintiff, TD Bank, N.A., is a National Association organized and existing under the National Bank Act under the supervision of the Office of the Comptroller of Currency.

2. That Plaintiff, as the surviving entity following merger, is successor to Carolina First Bank, a corporation formerly organized and existing under the laws of the State of South Carolina and formerly authorized to conduct business in the State of North Carolina.

3. That Plaintiff's principal offices are located in the States of Maine and New Jersey, with branches and has offices in Buncombe County, North Carolina.

4. That each of the Defendants resides in Catawba County, North Carolina.

5. That venue is proper under G.S. § 1-82 in Buncombe County, North Carolina.

6. That there was an insufficient showing by the Defendants as to why justice would not be served through the denial of a change in venue.

7. That the Defendants withdrew the Motion(s) to Dismiss.

8. That the Defendants shall have thirty (30) days from the date of this Order to file a responsive pleading.

Based on the foregoing findings of fact, the trial court ordered the following:

1. That the Defendants' Motion to Change Venue to Catawba County, North Carolina as a matter of right pursuant to G.S. § 1-82 and G.S. § 1-83 is DENIED;

2. That the Defendants' Motion to Change Venue to Catawba County, North Carolina for the convenience of the witnesses and promotion of the ends of justice pursuant to G.S. § 1-83 is DENIED;

3. That the Defendants' Motions to Dismiss pursuant to Rule 12(b)(3) and Rule 12(b)(5) were withdrawn and are DENIED; and

4. That the Defendants shall have to and including thirty (30) days from the date of this Order to file a responsive pleading.

From this order, Defendants appeal.

## I. Interlocutory Appeal

[1] Preliminarily, we note that the trial court's order denying Defendants' motion for change of venue is interlocutory, as it is an order made during the pendency of the action, which did not dispose of the case. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *rehearing denied*, 232 N.C. 744, 59 S.E.2d 429 (1950) (stating that "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy") (citation omitted); *see also Jenkins v. Hearn Vascular Surgery, P.A.*, ___ N.C. App. ___, ___, 719 S.E.2d 151, 153 (2011) (stating that a trial court's order denying a motion for change of venue is an interlocutory order).

"As a general rule, interlocutory orders are not immediately appealable." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 6 81 S.E.2d 770, 773 (2009) (quotation omitted). However, "immediate appeal of interlocutory orders and judgments is available in at least

**TD BANK, N.A. v. CROWN LEASING PARTNERS, LLC**

[224 N.C. App. 649 (2012)]

two instances: when the trial court certifies, pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27(d)(1)." *Id.* (citation and quotation marks omitted).

"[T]he denial of a motion for change of venue, though interlocutory, affects a substantial right and is immediately appealable where the county designated in the complaint is not proper." *Caldwell v. Smith*, 203 N.C. App. 725, 725, 692 S.E.2d 483, 484 (2010) (citations omitted); *see also Roberts v. Adventure Holdings, LLC*, ___ N.C. App. ___, ___, 703 S.E.2d 784, 786 (2010), *disc. review denied*, 365 N.C. 187, 707 S.E.2d 241 (2011) (stating that "the grant or denial of venue established by statute is deemed a substantial right, it is immediately appealable") (internal citation and quotation marks omitted). Because Defendants have alleged the county indicated in the complaint is improper, we address the merits of Defendants' appeal.

## II. Venue

[2] Defendants' sole argument on appeal is that the trial court erred by entering an order denying Defendants' motion for change of venue pursuant to N.C. Gen. Stat. § 1-83(1).[2] Specifically, Defendants argue that venue is improper in Buncombe County because Plaintiff is not a domestic corporation in North Carolina, does not maintain a registered office in the State of North Carolina or Buncombe County, and was not formed under the laws of the State of North Carolina; therefore, Defendants contend, venue is proper in the county where Defendants reside, which is Catawba County. Defendant's argument has merit.

In Defendants' motion and on appeal, Defendants contend venue was improper pursuant to N.C. Gen. Stat. § 1-83(1), which provides that "[t]he court may change the place of trial . . . [w]hen the county designated for that purpose is not the proper one." *Id.* "The provision in N.C.G.S. § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to

---

2. Defendants do not make an argument in their brief on appeal pertaining to N.C. Gen. Stat. § 1-83(2), which provides that "[t]he court may change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change." Therefore, any claims pertaining to N.C. Gen. Stat. § 1-83(2) are abandoned. *See* N.C.R. App. P. 28(b)(6) (2012); *Libertarian Party v. State*, 365 N.C. 41, 46, n.1, 707 S.E.2d 199, 203, n.1 (2011) (stating that "appellants abandoned . . . claims by failing to provide in their brief a 'reason or argument' ") (citing N.C.R. App. P. 28(b)(6) (2008)).

mean 'must change.' " *Roberts v. Adventure Holdings, LLC*, ___ N.C. App. ___, ___, 703 S.E.2d 784, 786 (2010), *disc. review denied*, 365 N.C. 187, 707 S.E.2d 241 (2011) (quotation omitted). "A determination of venue under N.C. Gen. Stat. § 1-83(1) is . . . a question of law that we review *de novo*." *Stern v. Cinoman*, ___ N.C. App. ___, ___, 728 S.E.2d 373, 374, *disc. review denied*, ___ N.C. ___, 731 S.E.2d 145 (2012) (citations omitted).

N.C. Gen. Stat. § 1-82 (2011) provides, generally, that venue is proper "in the county in which the plaintiffs or the defendants, or any of them, reside at [the] commencement [of the case], or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside[.]" *Id.* N.C. Gen. Stat. § 1-83 provides an avenue of relief to a defendant against whom an action is brought in an improper venue, stating that "[i]f the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court." *Id.*

The specific question posed by Defendants in this appeal is whether Plaintiff—a National Association organized and existing under the National Bank Act with branches and offices in Buncombe County but having principal offices in Maine and New Jersey—was a "resid[ent][,]" pursuant to N.C. Gen. Stat. § 1-82, of Buncombe County.

Plaintiff cites *Security Mills of Asheville, Inc. v. Wachovia Bank & Trust Co.*, N. A., 281 N.C. 525, 189 S.E.2d 266 (1972), for the proposition that in cases involving national banking associations, 12 U.S.C. § 94, which is a portion of the National Bank Act governing the determination of proper venue in actions against national banks in receivership, applies to this action. *Id.* at 528, 189 S.E.2d at 268. We disagree and believe *Security Mills* is distinguishable from this case in three ways: (1) this is a suit brought by a national bank, not *against* a national bank; (2) 12 U.S.C. § 94 was amended subsequent to the Court's opinion in *Security Mills*, and the language in the former legislation stating that "[a]ctions and proceedings against any association under this chapter may be had . . . in the county or city in which said association is located[,]" 12 U.S.C. § 94 (1972), was modified to provide that "[a]ny action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver . . . shall be brought in the

district or territorial court of the United States held within the district in which that association's principal place of business is located . . . [,]" 12 U.S.C. § 94 (2011); and (3) there is no evidence of record that Plaintiff is in receivership. For the foregoing reasons, we believe *Security Mills* does not control in this case, and 12 U.S.C. § 94 does not govern the determination of proper venue.

The proper venue in cases involving domestic corporations and foreign corporations has been designated by statute, specifically N.C. Gen. Stat. § 1-79(a) (2011) and N.C. Gen. Stat. § 1-80 (2011). With regard to a domestic corporation, N.C. Gen. Stat. § 1-79(a), provides the following:

> For the purpose of suing and being sued the residence of a domestic corporation, limited partnership, limited liability company, or registered limited liability partnership is as follows:
>
> (1) Where the registered or principal office of the corporation, limited partnership, limited liability company, or registered limited liability partnership is located, or
>
> (2) Where the corporation, limited partnership, limited liability company, or registered limited liability partnership maintains a place of business, or
>
> (3) If no registered or principal office is in existence, and no place of business is currently maintained or can reasonably be found, the term "residence" shall include any place where the corporation, limited partnership, limited liability company, or registered limited liability partnership is regularly engaged in carrying on business.

*Id.* Furthermore, N.C. Gen. Stat. § 1-79(b) (2011), defines the term, " 'domestic' when applied to an entity[,]" as follows:

> (1) An entity formed under the laws of this State, or
>
> (2) An entity that (i) is formed under the laws of any jurisdiction other than this State, and (ii) maintains a registered office in this State pursuant to a certificate of authority from the Secretary of State.

*Id.* Plaintiff and Defendants agree that Plaintiff is not a domestic corporation as defined by N.C. Gen. Stat. § 1-79(b), because Plaintiff was not formed under the laws of North Carolina and does not maintain a registered office in North Carolina.[3]

With regard to a foreign corporation, N.C. Gen. Stat. § 1-80 (2011), provides the following:

> An action against a corporation created by or under the law of any other state or government may be brought in the appropriate trial court division of any county in which the cause of action arose, or in which the corporation usually did business, or has property, or in which the plaintiffs, or either of them, reside, in the following cases:
>
> (1) By a resident of this State, for any cause of action.
>
> (2) By a nonresident of this State in any county where he or they are regularly engaged in carrying on business.
>
> (3) By a plaintiff, not a resident of this State, when the cause of action arose or the subject of the action is situated in this State.

*Id.*

Defendants contend Plaintiff is a foreign corporation. N.C. Gen. Stat. § 1-80 supports this contention, because Plaintiff *is* "a corporation created by or under the law of any other . . . government." *Id.* Furthermore, the definition of "foreign corporation[,]" as provided by the Business Corporation Act is the following: "[A] corporation for profit incorporated under a law other than the law of this State[.]" N.C. Gen. Stat. § 55-1-40(10) (2011).

Plaintiff, however, cites *Leggett v. Federal Land Bank,* 204 N.C. 151, 167 S.E. 557 (1933), in support of the proposition that Plaintiff is not, in fact, a foreign corporation.[4] Specifically, Plaintiff cites *Leggett*

---

3. Plaintiff states in its brief that "[b]ecause [Plaintiff] is not organized under the laws of North Carolina, it is certainly correct to say that [Plaintiff] is not a 'domestic corporation' within the meaning of . . . N.C. Gen. Stat. § 1-79(b)(1)." Furthermore, Plaintiff does not argue or provide evidence that Plaintiff "maintains a registered office in this State pursuant to a certificate of authority from the Secretary of State[.]" N.C. Gen. Stat. § 1-79(b)(2).

4. Plaintiff argues in its brief that even though Plaintiff is not a domestic corporation, "it does not automatically follow from this proposition that [Plaintiff] is therefore a 'foreign corporation' for purposes of the issue at hand." National Banks, Plaintiff contends, "operate . . . as creatures and instrumentalities of the paramount sovereign, the United States."

**TD BANK, N.A. v. CROWN LEASING PARTNERS, LLC**

[224 N.C. App. 649 (2012)]

and argues that, "[i]n the absence of a clear North Carolina statutory expression that instrumentalities of the federal government, such as national banks, are to be considered 'foreign corporations' for purposes of venue in the courts of this state, this Court should decline to find them to be such." We find this logic unpersuasive.

In *Leggett*, in the context of service of process, our Supreme Court addressed the applicability of C. S., 1137[5] to "a corporation created and organized under an act of the Congress of the United States[.]" *Id.* at 153, 167 S.E. at 557-58. The Court reasoned that the defendant was "organized under an act of the Congress of the United States, known as 'The Federal Farm Loan Act[,]' " and therefore, "[t]he defendant was not only created and organized under and by virtue of said act of Congress; it derives its right to own property and to do business in this State, solely from said act." *Id.* at 153, 167 S.E. at 558. Based on the foregoing, the Court concluded that the corporation was "not a foreign corporation, having property or doing business in this State, under a license, express or implied, from North Carolina[,]" and therefore, the summons provisions of C. S., 1137, which would have required the defendant—a Federal Land Bank—to have an officer or agent in North Carolina for purposes of receiving service of process, were "not applicable to the defendant." *Id.*

National Banks are similar to Federal Land Banks[6] in several respects. Both are created by and organized under acts of Congress in Title 12, Banks and Banking,[7] and both have been considered agencies and instrumentalities of the federal government. *See* 1-30 Robinson on North Carolina Corporation Law § 30.01 (citing *Leggett*, 204 N.C. 151, 167 S.E. 557, and referring to a Federal Land Bank as an "agenc[y] of the federal government"); *see also* Michie on Banks and Banking, ch. XV § 1 (stating that "National banks are corporate enti-

---

5. C. S., 1137 required that "[e]very corporation having property or doing business in this State, whether incorporated under its laws or not, shall have an officer or agent in this State upon whom process in all actions or proceedings against it can be served[.]" *Leggett*, 204 N.C. at 152, 167 S.E. at 557.

6. The Federal Land Bank referenced in *Leggett*, 204 N.C. 151, 167 S.E. 557, today exists in a different form, and would be classified as either a Farm Credit Bank or an Agricultural Credit Bank, under which also exist Agricultural Credit Associations and Federal Land Credit Associations.

7. *See, generally,* National Bank Act of 1863; *see also* National Bank Act, 12 U.S.C. Chapter 2 (2011); *see, generally,* Federal Farm Loan Act of 1916; Farm Credit Act of 1933; Farm Credit Act of 1971; Farm Credit Amendments Act of 1985; Agricultural Credit Act of 1987; *see also* Farm Credit Administration, *et al.*, 12 U.S.C. Chapters 7-10 (2011).

ties charged with duties to the public, and are more than mere private corporations for profit[;] [t]hey are referred to as agencies and instrumentalities of the United States[,] [and] [s]uch banks are instruments designed to be used to aid the government in the administration of the public service, created for a public and national purpose, and appropriate to that end"). The foregoing notwithstanding, we do not believe *Leggett* stands for the proposition that Plaintiff is not a foreign corporation. *Leggett* stated that the defendant in that case was "a corporation created and organized under an act of the Congress of the United States[,]" and as such it was not a "foreign corporation *having property or doing business in this state, under a license, express or implied, from North Carolina*": It was therefore not required to have an officer or agent in North Carolina for purposes of receiving service of process. *Id.* at 151, 167 S.E. at 558. (emphasis added). We believe *Leggett* stands for the proposition that although the Federal Land Bank was a foreign corporation, it was not the type of foreign corporation required to maintain an agent to receive service of process because the Federal Land Bank was a foreign corporation created and organized under and by virtue of an act of Congress. We believe this holding is not controlling on the question of where venue is proper in cases involving corporations created by and organized under an act of Congress. Creation and organization of a corporation by an act of Congress does not preclude such corporation from being a "foreign corporation" as recognized by N.C. Gen. Stat. § 1-80, which expressly includes "a corporation created by or under the law of any other . . . government[.]" *Id.* Plaintiff is a corporation created by the National Bank Act, which was enacted by Congress, a branch of the Federal Government. Plaintiff is therefore a corporation "created by or under the law of any other . . . government[.]" N.C. Gen. Stat. § 1-80. We therefore believe N.C. Gen. Stat. § 1-80 requires that Plaintiff be considered a foreign corporation for purposes of determining proper venue. Ordinarily, our analysis would end here.

However, although we determine N.C. Gen. Stat. § 1-80 is pertinent to our analysis regarding whether Plaintiff is a foreign corporation, we further determine that N.C. Gen. Stat. § 1-80 is inapplicable to the outcome of this case for a different reason. N.C. Gen. Stat. § 1-80 expressly applies only to "action[s] against a [foreign] corporation." Again, this is an action brought not against, but *by,* Plaintiff. Because Plaintiff is a foreign corporation, and because N.C. Gen. Stat. § 1-80 does not control in cases brought *by* a foreign corporation, we believe the following rule of law applies: "[I]n a civil action in this

**TD BANK, N.A. v. CROWN LEASING PARTNERS, LLC**

[224 N.C. App. 649 (2012)]

state where venue is not specifically designated by N.C. Gen. Stat. §§ 1-76 through 1-81, where the plaintiff is a nonresident and the defendants are residents, the proper venue for the action pursuant to N.C. Gen. Stat. § 1-82 is any county in which defendants reside at the commencement of the action." *Stewart v. Southeastern Reg'l Med. Ctr.*, 142 N.C. App. 456, 460-61, 543 S.E.2d 517, 520, *disc. review denied*, 353 N.C. 733, 552 S.E.2d 169, (2001). Defendants were residents of Catawba County at the commencement of this action. Therefore, venue is proper in Catawba County.

REVERSED and REMANDED.

Judges McGEE and BRYANT concur.